### HECHT & CO. v. FRIESLEBEN.

1. A complaint may be verified by an attorney, in the absence of the party from the county, only (1) where the action is founded upon a written instrument for the payment of money only and such instrument is in the possession of the attorney ; and (2) where all the material allegations of the complaint are within the personal knowledge of the attorney.

2. Where the complaint does not state which of its allegations are made on personal knowledge and which on information and belief, a verification that the "complaint is true of his own knowledge except as to matters therein stated on information and belief, and as to those matters he believes it to be true," is insufficient in form.

3. Where the verification by an attorney states that the sources of his knowledge and information are "the possession of a verified itemized statement of the account sued upon, the admissions and statements of the defendant, and the statements of B., G., and others," it does not set forth "his knowledge or the grounds of his belief on the subject," and is therefore insufficient in substance.

4. After the time for answering has expired, the judge may impose as a condition of leave to answer the payment of all costs accrued up to that time.

5. Error in allowing certain costs to be taxed can be brought up only by exception to the taxation of costs.

6. Application for leave to serve a verified answer after the time for answering had expired, was granted on conditions which defendant refused, and he then appealed from the order holding that his previous answer was insufficient because unverified. *Held*, that defendant had not elected to serve a verified answer, nor was he estopped from such appeal.

Before ALDRICH, J., Spartanburg, March, 1887.

This action was commenced January 17, 1887. The opinion fully states the case.

*Messrs. J. S. R. Thomson* and *Carlisle & Hydrick*, for appellant.

*Messrs. Duncan & Sanders*, contra.

March 5, 1888. The opinion of the court was delivered by
MR. JUSTICE MCIVER. In the complaint filed in this action

it was alleged : 1st. That the plaintiffs are copartners under the name and style stated. 2nd. That the defendant, on the 1st of October, 1886, became indebted to the plaintiffs in the sum specified upon an account for goods sold and delivered, a copy of the same being exhibited with the complaint. 3rd. That the amount of said account will become payable on the first of February, 1887, no part of the same having been paid. 4th. That the defendant has disposed of and secreted his property with intent to hinder, delay, and defraud his creditors, and this action is brought to enable the plaintiffs to attach the property of defendant. The complaint was not verified by any one of the plaintiffs, but by their attorney in the form following :

"South Carolina, Spartanburg County. C. P. Sanders, being duly sworn, says : He is an attorney for the plaintiffs in the above entitled action ; that the foregoing complaint is true of his own knowledge, except as to matters therein stated on information and belief, and as to those matters he believes it to be true. That the sources of his knowledge and information are the possession of a verified itemized statement of the account sued upon, the admissions and statements of the defendant, and the statements of E. E. Bomar, James Geddes, and others. That the reason this verification is not made by one of the plaintiffs is, that neither of them is in this county or State, in which deponent is a resident."

This affidavit was sworn to before a notary public on the 19th of January, 1887, and the action was commenced before the debt became payable, under the provisions of the act of 1883. 18 *Stat.*, 491.

The defendant served a copy of his answer, which was not verified, denying each and every allegation of the complaint, and the same was immediately returned upon the ground that the answer was not verified.

The case was docketed on calendar 3, and when called, the plaintiffs moved for judgment by default, and the motion was resisted upon two grounds : 1st. That such a complaint as this could not be verified by an attorney. 2nd. If it could, the verification was insufficient in form and substance. The Circuit Judge overruled both of these grounds, holding that the complaint was properly verified. After this ruling was made, the defen-

dant moved for leave to serve a verified answer, and this mo-
tion was granted, his honor of his own motion imposing, as terms
of the leave granted, that the defendant should pay all the costs
accrued up to that time. The defendant did not comply with the
condition of this order, but appealed from the rulings and orders
of the Circuit Judge, upon the following grounds: 1st. Because
the complaint could not be verified by an attorney. 2nd. Be-
cause the verification was insufficient. 3rd. Because the defen-
dant could not be required to pay all the costs which had accrued,
as a condition of being allowed to serve a verified answer. 4th.
That the costs of *ex parte* commissions which had been issued
after the answer was returned for want of verification could not
be taxed as a part of the costs accrued at the time of the order.

The Code provides, in section 177, that when "any pleading
is verified, every subsequent pleading, except a demurrer, must
be verified also;" and in the next section (178) it declares how
a pleading shall be verified: it "must be by the affidavit of the
party, or, if there be several parties united in interest, and plead-
ing together, by one at least of such parties acquainted with the
facts, if such party be within the county where the attorney
resides, and capable of making the affidavit. The affidavit may
also be made by the agent or attorney, if the action or defence
be founded upon a written instrument for the payment of money
only, and such instrument be in the possession of the agent or
attorney, or if all the material allegations of the pleading be with-
in the personal knowledge of the agent or attorney."

It seems to us that the true construction of this language mani-
festly is, that there are two cases in which an attorney may, in
the absence of the party from the county, verify a complaint:
1st. Where the action is founded upon a written instrument for
the payment of money only, and such instrument is in the pos-
session of the attorney. 2nd. Where all the material allega-
tions of the complaint are within the personal knowledge of the
attorney. The test, therefore, in every case is whether it falls
under either of these classes. Now, it is quite plain that the
present case does not fall under either of these classes. The
action is not founded upon a written instrument for the payment
of money only, and there is no pretence that all the material alle-

gations of the complaint were within the personal knowledge of the attorney who undertook to verify the complaint. We think, therefore, that the Circuit Judge erred in holding that the complaint was such an one as could be verified by the attorney.

This view would render it unnecessary to consider the other questions raised by the appeal, but as they present questions of practice which it is desirable to have settled, we will proceed to consider them. If the action was such as would have justified a verification of the complaint by the attorney, the next inquiry is whether the verification adopted in this case, a copy of which is set out above, was insufficient in form and substance. On reading the complaint and verification it is impossible to tell what allegations are made on knowledge and what on information and belief, and yet it is quite certain, from the language used in the verification, that *some* of the allegations were made on knowledge and some on information and belief, for the language is, "that the foregoing complaint is true of his own knowledge, *except* as to matters therein stated on information and belief, and as to those matters he believes it to be true."

Where the allegations of a pleading are based, some of them on knowledge and others on information and belief, they ought to be so stated as to enable the other party to understand *which* of the allegations are made on knowledge and *which* upon information and belief. Here, however, all the allegations of the complaint, if looked at alone, and without reference to the verification, would seem to be made on knowledge, whereas it is apparent from the terms of the verification that some of these allegations were not made on knowledge, but upon information and belief. It seems to us that when a plaintiff desires to make an allegation which is based upon his own knowledge, a simple statement of such fact is sufficient, but when he desires to allege a fact upon information and belief, then he should state that he *is informed and believes* that such fact is true. Then when the complaint is verified, in the form here adopted, there is no difficulty in ascertaining what allegations are sworn to upon knowledge and what upon information and belief. Unless the complaint and the verification is in such form as to indicate what allegations are made on knowledge and what upon information and belief, we do not

see how it would be practicable to maintain an indictment for perjury thereon, and every verification ought to be in such form as, if proved to be false, would be sufficient to sustain such an indictment.

But we think this verification is not only objectionable in point of form, but also in substance. The code requires, in the section last cited, that "when the pleading is verified by any other person than the party, he shall set forth in the affidavit his knowledge, or the grounds of his belief on the subject, and the reasons why it is not made by the party." Now, here the affidavit states "that the sources of his knowledge and information are the possession of a verified itemized statement of the account sued upon, the admissions and statements of the defendant, and the statements of E. E. Bomar, James Geddes, and others." Assuming that, by this language, the intention of the affiant was to set forth "the grounds of his belief," the inquiry is whether it is sufficient for that purpose. It is of the most general and indefinite character. It does not state what were the admissions or statements of the defendant, or what were the statements of the third persons named. It is not stated that the defendant admitted all or even any material allegation of the complaint, or made any specific statements from which such admission might be inferred, and what was the nature of the statements made by the third persons does not appear. There is no *fact* stated in the verification from which the court could infer that there was any ground for the belief that all the material allegations of the complaint were true. It is not even stated that the defendant admitted the correctness of the account, and certainly the statement that the affiant had possession "of a verified itemized statement of the account sued upon," amounted to nothing, as such account was not an instrument for the payment of money only. Nor is any fact stated furnishing a ground for belief that the allegation in the fourth paragraph of the complaint—"that the defendant has disposed of and secreted his property with intent to hinder, delay, and defraud his creditors"—was true, upon which allegation rested the right of the plaintiffs to bring this action, under the statute above referred to, before the debt became due and payable.

It seems to us, therefore, that the verification, besides being made by one not authorized to do so, was insufficient both in form and substance, and our views will find support in the case of *Smalls* v. *Wilder*, 6 *S. C.*, 402.

As to the third ground of appeal, we think that, by the express terms of section 195, the Circuit Judge, if he had been correct in his previous rulings, would have had the right to impose such terms as in his discretion might seem just, as a condition of the leave to answer after the time for answering had expired.

The question raised by the 4th ground of appeal would properly come up on exceptions to the taxation of costs, and cannot be considered here.

The position taken by respondents' counsel, that the defendant having elected to serve a verified answer, cannot now question the correctness of the rulings of the Circuit Judge above considered, is based upon a misconception of fact. The defendant did not serve a verified answer, but only applied for leave to do so, after having unsuccessfully made the questions which have hereinbefore been considered; but when the leave was coupled with a condition which he did not see fit to accept, he declined to serve a verified answer and elected to appeal, as he had a right to do, from the rulings of the judge. It seems to us, therefore, that the complaint not being properly verified, the defendant had a right to serve an unverified answer, and the case should have gone on the proper docket for trial.

The judgment of this court is, that the ruling of the Circuit Judge, that the complaint was duly verified, be reversed, and that the case be remanded to the Circuit Court for trial.

MR. CHIEF JUSTICE SIMPSON concurred.

MR. JUSTICE MCGOWAN, *dissenting.* Some importance attaches to this case as it relates to a question of practice. As I understand, the opinion declares that an agent or attorney can verify a complaint or defence only in two cases: (1) When the action is founded on a written instrument in his possession; and (2) When all the material allegations of the pleading are within his personal knowledge. If this be so, the absence of the party from the State is no ground to allow the verification by another;

and it need not be stated as one of "the reasons why it was not made by the party." This is certainly contrary to the practice in New York, and, as I believe, in this State, section 178 of our Code being identical with section 157 of the New York Code.

The section is certainly not expressed with clearness, and we must, of course, put our own construction upon it. But its very obscurity makes me hesitate to concur in a construction which is admitted to be contrary not only to the commentaries on the code, but to a long line of decisions in the State from which the code comes to us. It is remarkable that there is in the section no express provision allowing a verification to be made by an agent or attorney, on the ground of the absence of the party from the county. But we can hardly suppose it was the intention to wholly omit that which it would seem is at least one of the cases in which such authority is needed. The view of the New York authorities is, that the whole section considered together does make provision for that case; that the express enactment for the case where the party is "within the county" naturally indicates other provision where the party is "not in the county;" which is contained in the general declaration that, "when the pleading is verified by any other person than the party, he shall set forth in the affidavit his knowledge or the grounds of his belief on the subject and the reasons why it is not made by the party." It is considered that this declaration could not have reference to either of the cases before stated, viz., where the agent had personal knowledge or possession of a written instrument, &c., for these stand on their own grounds, and in neither was there necessity or appropriateness in requiring "the grounds of his belief upon the subject." *Smith* v. *Rosenthal*, 11 *How. Pr.*, 442, which holds that "in the cases provided for in the second clause of the section, the legislature have virtually declared that the 'possession' of the instrument is a sufficient ground of belief of the truth of the pleading, and that personal knowledge of its truth is sufficient knowledge; and that either such possession or such knowledge is a sufficient reason why the verification is not by the party."

As this appears not only from the sense of the words used, but from authority, is it not manifest that the expression, "any

other person than the party," means another new and third class of cases, in which the attorney or agent may verify, on condition always that he brings himself within the rule of stating "his knowledge or the grounds of his belief on the subject, and the reasons why it is not made by the party"? If the declaration in general terms does not mean that, I confess I do not understand what it means; as we have just seen that it could not refer to the cases of personal knowledge or having in possession a written instrument. The view is expressed by Mr. Wait as follows: "So where a party cannot verify a pleading by reason of absence at the time such verification becomes necessary, his attorney (other person) may verify the pleading for him. * * * The provisions of the code in respect to verifications may be analyzed as follows: the pleading should, generally speaking, be verified by the party if within the county where the attorney resides; if not, may be verified by the attorney. It may also be verified by the attorney, whether the party be in the county or not, when the action is based on a written instrument in the possession of the attorney, or when the attorney has personal knowledge of all the material allegations of the pleading." See 2 *Wait Prac.*, 338; *Wait Ann. Code; Estes Plead.*, § 297, and the numerous authorities therein cited, including *Humphreys* v. *McCall*, 9 *Cal.*, 59 (70 *A. D.*, 621); *Ely* v. *Frisbie*, 17 *Id.*, 250; and *Patterson* v. *Ely*, 19 *Id.*, 28.

Considering the admitted obscurity of the section, it seems to me that it would be better to follow the interpretation which it has received by such high authority, and to give to the absence of the party some weight upon the question of the right of an agent or attorney to make a verification for him.

Judgment reversed.