November 20, 1911. The opinion of the Court was delivered by
The plaintiff brings this action for the purpose of foreclosing five mortgages covering four *Page 88 
tracts of land situated in Abbeville county. Four of these mortgages were made by Major DuBose, defendant herein, the plaintiff, his brother, and William DuBose, their father, as comortgagors, and were later assigned to the plaintiff, Porter DuBose. The fifth mortgage was executed by Major DuBose in favor of the plaintiff. The defendants, Boykin Tate and Janie Tate, are joined in the cause as the heirs and distributees of Sara DuBose, widow of William DuBose, deceased, and R.F. Morris is made defendant as a junior mortgage. The remaining defendants are the heirs of William DuBose. The defendants, Major DuBose and R.F. Morris, live in this State; the remaining defendants reside in Georgia. After the filing of the summons and complaint and a lis pendens, plaintiff applied to the clerk of the Court for Abbeville county for an order allowing service to be made by publication upon the nonresident defendants. The affidavit contained the usual allegations and the order of publication was in the usual form, except that the clerk neglected to sign it at the foot. The two papers, however, were folded together and on the back of the order the clerk made this endorsement:
"State of South Carolina, county of Abbeville. Court of Common Pleas. Porter DuBose, plaintiff, v. Major DuBose et al., defendants. Affidavit and order of publication. Wm. N. Graydon and J.M. Nickles, plaintiff's attorneys. Filed December 16, 1910. J.L. Perrin, C.C.C.P."
The cause was referred to the master to take testimony, and on March 10, 1911, a decree of Hon. R.C. Watts, Circuit Judge, was filed, affirming the report of the master and ordering a sale of the various tracts of land and the application of the proceeds to the satisfaction of the mortgages.
On March 25, 1911, notice was served on plaintiff's attorneys by J. Frank Clinkscales, Esq., representing the nonresident defendants, of a motion to set aside the judgment entered in the case on the ground that these defendants "have not been properly served with summons in the above *Page 89 
entitled action." The notice was accompanied by an affidavit of J.L. Perrin, clerk of Court, stating that the order for publication of the summons had been signed by him on March 23, 1911. Affidavits were also filed from Elizabeth Tate and Jake DuBose, two of the nonresident defendants, in which they deny that they have ever received notice of the bringing of the action, and allege further that they have a good and valid defense to the suit. Judge Watts filed an order on March 31, 1911, refusing to set aside the summons and open the judgment, and from this order the movants appeal.
The first question is whether the failure of the clerk to sign the order of publication was a fatal defect which was not cured by his endorsement on the back of the paper, or by his signature after publication had been made. The rule that the statutory requirements as to constructive service by publication must be strictly carried out does not mean that any irregularity, however slight, is fatal. But it seems clear that the signing of the order after publication was unavailing because the statute expressly requires that the order shall be the basis of the publication. We cannot help thinking that it is yielding much to technicality to hold that the endorsement, written on the back and signed by the clerk, that the paper was an order of publication was not in substance a signing of the order within the meaning of the statute. A paper, in form a decree of a Judge, is in fact his decree if the Judge, omitting to sign at the foot, writes and signs a statement on the back that it is his decree. But it has been decided that when an officer is performing the ministerial duty of issuing a paper on compliance with certain conditions prescribed by law, his signature at the foot of the paper he intended to sign is necessary to its validity. In Davis v. Sanders, 40 S.C. 507, 19 S.C. 138, a magistrate, intending to "issue" a warrant of arrest, inadvertently failed to sign at the foot of the paper but indorsed it: "The State of South Carolina, county of Sumter. The State v. *Page 90 
Murray Davis, Lafayette Davis, Joshua Davis. Arrest warrant. Offense, resisting an officer. C.C. Manning, trial justice. Officer, sheriff. Date, January 27, 1893." The Court held that the warrant was not "issued" as required by law and conferred no authority on the sheriff to make the arrest because the magistrate did not sign at the foot as he intended to do, and because he did not intend the endorsement on the back as his signature of the warrant. This authority is controlling, for in this case also it is evident that the clerk intended to sign at the foot and did not intend the signature on the back to be his signature of the order. The case of Davis v. Sanders, it is true, involved a warrant of arrest, but the principle and rule on which it was decided does not apply more strongly to a criminal proceeding than to the methods of acquiring jurisdiction over nonresidents without personal service of summons.
The judgment of this Court is that the judgment of the Circuit Court be reversed.