2223

Raymond O. DION, Eleanor Dion Fairey, Thomas Raymond Dion, Mary Dion Georgion and William Humphreys Dion, Respondents v. RAVENEL, EISERHARDT ASSOCIATES, a South Carolina Limited Partnership, Charles E. Eiserhardt, Jr., Charles D. Ravenel, Patrick O'Connor, Willms Trucking Company, Inc., and Laura O. Cantrell, Appellants.

(449 S.E. (2d) 251)

Supreme Court

*Harold A. Oberman,* of *Oberman & Oberman, A. Arthur Rosenblum* and *Robert L. Wylie IV,* of *Wall & Shoun,* Charleston, *for appellants.*

*John G. Frampton* and *Michael D. Moore,* Summerville, *for respondents.*

Heard May 10, 1994.

Decided Sept. 6, 1994.

SHAW, Judge:

The master, after granting foreclosure on certain highland property in Charleston County, amended his order pursuant to a motion by the respondents, hereinafter Dions, under Rule 60(a), SCRCP to include in the description of the property a causeway providing access to the highland property across the surrounding marsh. Ravenel, Eliserhardt Associates, Charles E. Eiserhardt, Jr., and Charles D. Ravenel, here-inafter Ravenel, and Patrick O'Connor appeal.[1] We reverse and remand.

The Dions sold the highland property in question, along with surrounding marshland and a right of way, to Ravenel for $960,000. The Dions received a purchase money mortgage on the highland property but not on the marshland. (O'Connor subsequently acquired a mortgage on the entire property, including the marshland.)

The Dions brought a foreclosure action when the mortgage became delinquent, and the master issued a Judgment of Foreclosure and Sale by Order dated December 14, 1991, and filed December 16, 1991. The Dions thereafter obtained title

---

[1] Defendants Willms Trucking Co., Inc. and Laura Q. Cantrell were judgment creditors who were satisfied before the foreclosure action.

to the property by virtue of a Master's Deed.

The description of the property in the Judgment of Foreclosure, reflecting the language in the mortgage, was as follows:

> ALL THAT CERTAIN highland portion of Raccoon Island and Hog Island containing One Hundred Twenty Three (123) acres of highland on Raccoon Island and Two (2) acres of highland on Hog Island as more fully shown on a Plat entitled "A Plat Of Raccoon Island And Hog Island With Adjacent Marsh Lands Comprising One Body Of Land Generally Known As Raccoon Island Located On The West End of Edisto Island In Charleston County, S.C., Containing 1,743 Acres + −" by H.H. Foster, L.S., dated June 3, 1967, and recorded December 12, 1967, in Book W-166 in the R.M.C. Office of Charleston County. Said highland has such shape, buttings, boundings and dimensions as will by reference to said Plat more fully and at large appear.
>
> Together with that certain easement of right-of-way (50 feet wide) from Raccoon Island Road to Raccoon Island Causeway, on, over, upon and across that certain property now formerly, of Freddie B. King, for ingress, egress and regress to and from the property hereinabove referred to and described, granted and conveyed by and under that certain instrument from Freddie B. King to Jeanne Marie Lee, et al., dated July 14, 1964, and of record in the R.M.C. Office of Charleston County in Book Y-81, Page 201, and as shown and delineated on that certain Plat by A.L. Glenn, P.E. & L.S., dated January 30, 1964, attached to, and made a part and parcel of the instrument above-referred to, and of record in the office aforesaid in Plat Book S, Page 32.

By this language, the foreclosed property included an easement giving access to the causeway over adjacent property, but did not specify the causeway itself. Without the causeway, the highland property is accessible only by water.

The Dions, encountered difficulties marketing the property, filed a motion on December 17, 1992, seeking an amendment of the Order of Foreclosure and a "corrective Master's deed" to include the causeway across the marshland in the description of the property, arguing the causeway was highland.

O'Connor, whose mortgage had priority as to the marshland but was junior as to the highland, argued against the motion, maintaining the causeway was part of the marshland property. Ravenel also argued against the motion, maintaining the causeway was not included in the property foreclosed upon.

The master, by Supplemental Order dated February 10, 1993, found the causeway was not part of the marshland mortgaged to O'Connor, but rather was included in the highland property mortgaged to the Dions. The master further found it "frivolous to assume that the [Dions] would receive a Purchase Money Mortgage of almost One Million Dollars to property they previously owned with an existing causeway that served as the only access to the property and not intended the causeway be within the description of the property mortgaged to them." The master then ordered the December 14, 1991 Judgment of Foreclosure and Sale supplemented with the following additional description:

> Together with that certain causeway providing access to Hog and Raccoon Islands, said causeway known as Raccoon Island Causeway leading from the easement recorded in the R.M.C. Office for Charleston County in Book Y-81, at Page 201, as described above, and thence over the marsh to Hog Island and thence over the marsh to Raccoon Island, said causeway being shown as a double dotted line on a Plat by H.H. Foster, L.S., dated June 3, 1967, and recorded December 12, 1967, in Book W-166 in the R.M.C. Office for Charleston County.

Following a Motion for Rehearing filed by O'Connor, the master responded to additional jurisdictional issues. The master found it had jurisdiction in this matter to enter his Supplemental Order of February 10, 1993, and that the motion was timely pursuant to Rule 60, SCRCP. The master denied the motion of Ravenel to supplement the order by including an additional Master's Sale. the master also quashed a March 2, 1993 request by Ravenel for an order of appraisal.

Appellants contend the master erred in amending the Judgment of Foreclosure pursuant to Rule 60(a), SCRCP to include the causeway in the description. They argue there was no "typo" or clerical error in the original description and the master could not alter the property

description to include other property without such a clerical mistake. We agree.

Rule 60(a), SCRCP provides in pertinent part:

> Clerical mistakes in judgements, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders

> Generally, a clerical error is defined as a mistake in ■ writing or copying. *See Black's Law Dictionary* 252 (6th ed. 1990). As applied to judgments and decrees, it is a mistake or omission by a clerk, counsel, judge or printer which is not the result of exercise of judicial function. *Id.* While a court may correct mistakes or clerical errors in its own process to make it conform to the record, it cannot change the scope of the judgment. *Michel v. Michel,* 289 S.C. 187, 345 S.E. (2d) 730 (Ct. App. 1986).

We hold the Master's Supplemental Order did not correct a clerical mistake and therefore was improper pursuant to Rule 60(a), SCRCP. The parties vigorously argued the issue of whether or not the causeway was included in the original mortgage form Ravenel to the Dions at the motion hearing. It is clear this issue was neither raised not addressed at the foreclosing proceeding. There is no evidence of an "oversight" or "omission" resulting in the exclusion of the causeway from the description on the Judgment of Foreclosure. To the contrary, it appears the description of the property in the foreclosure judgment is identical to that in the mortgage from Ravenel to the Dions. To have been an "oversight" or omission," by definition, it could not have been left out as the result of exercise of judicial function. Yet, the record clearly shows it was left out by exercise of judicial function, because the issue of whether or not it was included was never contemplated at the foreclosure proceeding.

The master based his ruling on the fact he considered it "obvious" that the causeway was meant to be included in the mortgage from Ravenel to the Dions. However, instead of merely finding the mortgage from Ravenel to the Dions clearly included the causeway within the description, he reformed the description to include something which was not

previously contemplated by the parties. In reforming the description to specifically include the causeway, the master necessarily recognized the causeway was not specifically contemplated in the prior judgment. Had it been that "obvious," there would be no need to reform the description.

By adding the causeway to the description, the master has reformed the mortgage. However, the Dions brought a motion to alter or amend a prior judgment based on a clerical mistake. Further, the master based his decision solely on argument of counsel and the appellants were not given the opportunity to present evidence on whether reformation was proper. It may very well be that the causeway was "obviously" to have been included in the mortgage from Ravenel to the Dions; however, there was no clerical mistake in the prior judgment and a motion to alter or amend under Rule 60(a) was an improper vehicle on which to seek such a ruling. Accordingly, the order is reversed and remanded.

Reversed and remanded.

HOWELL, C.J., and CURETON, J., concur.