741 S.E.2d 583

**Jessica CALDWELL, Respondent,**

v.

**Amy WIQUIST, Appellant.**

**Brian Caldwell, Respondent,**

v.

**Amy Wiquist, Appellant.**

Appellate Case No. 2012–207208.

No. 5105.

Court of Appeals of South Carolina.

Heard Jan. 17, 2013.

Decided March 27, 2013.

566

W. Toland Sams, of Sams & Sams, P.A., of Beaufort, for Appellant.

Colden R. Battey Jr., of Harvey & Battey, P.A., of Beaufort, for Respondents.

PIEPER, J.

This appeal arises out of personal injury claims resulting from a car accident. On appeal, Appellant Amy Wiquist argues that the trial court erred in denying her motions to set aside default judgment because: (1) the affidavits failed to comply with statutory requirements; (2) service by publication violated Wiquist's due process rights; (3) evidence of fraud or collusion existed; (4) the *Yates v. Gridley*, 16 S.C. 496 (1882), line of cases should be overruled; and (5) the orders of service by publication did not comply with section 15-9-740 of the South Carolina Code (2005). We reverse and remand.

**FACTS**

Respondents Jessica Caldwell and Brian Caldwell were in an automobile accident that they allege was caused by Wiquist's negligent operation of her vehicle. While their vehicle was stopped in traffic, it was struck by the vehicle operated by Wiquist. Prior to filing suit, the Caldwells engaged in settlement negotiations with Wiquist's insurance company, GEICO. The Caldwells filed individual complaints alleging personal injuries and requesting punitive damages and provided copies of the complaints to GEICO. The Caldwells delivered the filed civil action coversheets, summonses, and complaints to the Beaufort County Sheriff's Department (BCSD) for service upon Wiquist. The BCSD executed affidavits of non-service stating that it had been unable to complete service on Wiquist at her last known address that was listed on the traffic collision report, providing the explanation: "ADDRESS VACANT." The Caldwells did not attempt to serve Wiquist with the summonses and complaints by mail directed to the address for Wiquist that was listed on the traffic collision report.

The Caldwells filed affidavits requesting service by publication. The Clerk of Court for Beaufort County entered orders of service by publication. The Caldwells filed affidavits stating that notice of the actions had been published in *The Island Packet* and *The Beaufort Gazette*. The Caldwells filed affidavits of default and moved for default judgments. On September 22, 2011, the court scheduled default hearings for October 3, 2011, and the Caldwells mailed notice of the hearings to Wiquist's last known address as listed on the traffic collision report. Wiquist did not appear at the default hearings. By

virtue of an order entered on October 4, 2011, the trial court awarded to Jessica Caldwell $15,000 in actual damages and $5,000 in punitive damages. By virtue of an order entered on October 4, 2011, the trial court awarded to Brian Caldwell $85,000 in actual damages and $15,000 in punitive damages.

Wiquist received notice of the default hearings on October 4, 2011, after the mailed notice of the hearings was forwarded to her then-current address by the United States Postal Service. Upon receipt of the notice, Wiquist's counsel contacted the Caldwells' counsel to inform him of Wiquist's representation and to request copies of the default judgments. Wiquist moved to set aside the default judgments, and the court entered orders denying the motions. Wiquist did not file Rule 59(e), SCRCP motions to alter or amend the judgments. The cases have been consolidated for purposes of appeal.

## STANDARD OF REVIEW

■ "The power to set aside a default judgment is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing of an abuse of discretion." *Melton v. Olenik*, 379 S.C. 45, 50, 664 S.E.2d 487, 489–90 (Ct.App.2008). "An abuse of discretion arises when the court issuing the order was controlled by an error of law or when the order, based upon factual conclusions, is without evidentiary support." *Id.* at 50, 664 S.E.2d at 490.

## LAW/ANALYSIS

■ Wiquist alleges that the orders of service by publication did not comply with section 15–9–740. Where a party contests the validity of an order of publication based on a lack of diligence in attempting to locate the party, this court has held that the trial court is "without authority to overrule the finding of the clerk of court." *Montgomery v. Mullins*, 325 S.C. 500, 505–06, 480 S.E.2d 467, 470 (Ct.App.1997). "[I]n the absence of fraud or collusion, the decision of the officer ordering service by publication is final." *Id.* at 506, 480 S.E.2d at 470.

However, Wiquist argues the affidavits requesting service by publication failed to comply with statutory requirements.

Wiquist also argues her case is distinct from *Yates*,[1] *Montgomery,* and *Wachovia Bank of S.C., N.A. v. Player,* 341 S.C. 424, 535 S.E.2d 128 (2000), because those cases involved affidavits that "included at least *some* facts concerning efforts to locate the defendant." We agree.

Initially, we note that Wiquist asserts that the *Yates* line of cases should be overruled. This court has "no authority to overrule Supreme Court precedent." *Blyth v. Marcus,* 322 S.C. 150, 155 n. 1, 470 S.E.2d 389, 392 n. 1 (Ct.App.1996). Thus, we decline to address Wiquist's argument that the *Yates* line of cases should be overruled.

Moreover, this case can be distinguished from *Yates, Montgomery,* and *Wachovia Bank.* Section 15–9–710 of the South Carolina Code (2005) addresses the conditions permitting service by publication and provides, in pertinent part:

> When the person on whom the service of the summons is to be made cannot, after due diligence, be found within the State and (a) that fact appears by affidavit to the satisfaction of the court or judge thereof, the clerk of the court of common pleas, the master, or the probate judge of the county in which the cause is pending and (b) it in like manner appears that a cause of action exists against the defendant in respect to whom the service is to be made or that he is a proper party to an action relating to real property in this State, the court, judge, clerk, master, or judge of probate may grant an order that the service be made by the publication of the summons in any one or more of the following cases: . . .
>
> (3) when the defendant is a resident of this State and after a diligent search cannot be found; . . . .

In *Yates,* the affidavit requesting service by publication provided, in pertinent part: "[T]he above defendants, are non-residents of this [State], but are residents of the State of New York, and . . . their post-office is unknown to deponent, and cannot be ascertained, notwithstanding due diligence has been employed, nor can they be found in this State after due search for them." 16 S.C. at 498–99.

---

1. Wiquist filed a motion to argue against precedent prior to oral arguments. This court denied the motion.

Similarly, the *Montgomery* court discussed the plaintiff's "petition ... for an order of publication alleging that he had been unable to locate the [defendants] after due diligence and requesting that he be allowed to serve them by publication." 325 S.C. at 503, 480 S.E.2d at 468–69. However, instead of determining the sufficiency of the claims of due diligence listed in the petition requesting service by publication, the *Montgomery* court affirmed the trial court's dismissal of the plaintiff's suit because the plaintiff did not effectuate service by publication within a reasonable time after the order of publication was filed. *Id.* at 506, 480 S.E.2d at 470.

More recently, the *Wachovia Bank* court affirmed the master's refusal to set aside service of process despite the fact that the petition requesting service by publication contained an untrue statement that the "Sheriff for Georgetown County did attempt service upon said defendant" when, in fact, "service was only attempted by a private process server." 341 S.C. at 428, 535 S.E.2d at 130 (internal quotations omitted). Our supreme court reviewed the petition requesting service by publication and affidavit of non-service together, finding: "It is clear from reading the two documents together that the petition is inaccurate, but that the process server's affidavit reflects due diligence by her." *Id.*

Contrary to the affidavits in *Yates, Montgomery*, and *Wachovia Bank*, Wiquist asserts the affidavits requesting service by publication in the instant matter are facially defective. Here, the Caldwells' affidavits requesting service by publication provide, in pertinent part: "The Defendant who is a non-resident of Beaufort County, South Carolina, cannot be served a copy of the Summons in Beaufort County, and it is necessary and proper to serve her by publication." Section 15–9–710 permits service by publication when a defendant cannot be found within the State, but the Caldwells' affidavits requesting service by publication only provide that Wiquist could not be served in Beaufort County and contain no information regarding whether or not she could be found in the State. The affidavits requesting publication are defective on their face because they state the Caldwells tried to serve a non-resident of Beaufort County only in Beaufort County.[2] Furthermore,

2. As an aside, we note the affidavits requesting service by publication stated that Wiquist could not be served in Beaufort County, yet service

the affidavits requesting service by publication do not contain any statements regarding the due diligence undertaken and, in fact, do not even contain the phrase "due diligence."

South Carolina courts have repeatedly required strict compliance with publication statutes. Our supreme court in 1885 considered a publication statute when determining whether a non-resident minor had properly been made a party to an action. *Riker v. Vaughan*, 23 S.C. 187, 189 (1885). The *Riker* court noted that the minor defendant acknowledged service, but found that the failure of the plaintiff to procure an order for service by publication, the only statutory mode by which a non-resident minor could be made a party defendant to an action, was a fatal defect rendering service incomplete. *Id.* In 1911, our supreme court was asked to determine whether an order for publication that was endorsed on the back by the clerk of court prior to the actual service by publication was void when the clerk signed the order for publication on the front after the service by publication was effectuated. *Du Bose v. Du Bose*, 90 S.C. 87, 89, 72 S.E. 645, 646 (1911). The *Du Bose* court noted the "rule that the statutory requirements as to constructive service by publication must be strictly carried out" and held that, despite the clerk's endorsement on the back of the order of publication, the order of publication was invalid because it had not been signed on the front as required by the publication statute. *Id.*

In a later decision regarding an appeal of an action brought in both North Carolina and South Carolina, our supreme court determined the affidavit requesting publication was "fatally defective, under the North Carolina law, on its face, in that it does not show that due diligence was used to find the defendant." *Ray v. Pilot Fire Ins. Co.*, 128 S.C. 323, 324, 121 S.E. 779, 779–80 (1924). The *Ray* court noted the applicable statute required a showing of due diligence in order to secure the order of publication. *Id.* In support of its decision, the *Ray* court noted multiple North Carolina cases that had approved the holding in *Wheeler v. Cobb*, 75 N.C. 21 (1876),

---

was published in *The Island Packet* and *The Beaufort Gazette*. Both news publications were distributed primarily in Beaufort County. A plaintiff who has no other remedy than to effectuate service by publication is more likely to reach a defendant not located in the county by publishing service in a publication with a broader distribution area.

where the Supreme Court of North Carolina held that the service of summons by publication was fatally defective and did not conform to the requirements of the statute because the affidavit requesting service by publication failed to allege that the defendant could not, after due diligence, be found within the state. *Id.* at 325, 121 S.E. at 780. In a 1955 case involving an affidavit requesting service by publication, the Supreme Court of North Carolina determined the affidavit was defective because it failed to state that the defendant "could not, after due diligence be found in the State of North Carolina." *Nash Cnty. v. Allen,* 241 N.C. 543, 85 S.E.2d 921, 923 (1955). The *Nash* court stated its decisions "uniformly hold that where service of [the] summons is made by publication, the requirements of the statute must be strictly followed" and "that everything necessary to dispense with personal service of [the] summons must appear by affidavit." *Id.* at 924. Moreover, "[a]n affidavit on which publication is predicated is fatally defective in the absence of an allegation that the person on whom the summons is so served cannot, after due diligence, be found within the State." *Id.*

Furthermore, we canvassed other jurisdictions and found those courts similarly require strict compliance with publication statutes. The Fourth Circuit affirmed the West Virginia district court's finding that service by publication on nonresident defendants was duly made when the affidavit requesting service by publication, the order of publication, and the posting and publishing of the order was done "in strict conformity with the statute." *Sheffey v. Davis Colliery Co.,* 219 F. 465, 469 (4th Cir.1914). The California Court of Appeals voided default judgments where the affidavit requesting service by publication contained "no statement concerning their residences nor efforts to find them ... except the bald conclusion that they 'cannot be located to serve with process.'" *Cavin Mem'l Corp. v. Requa,* 5 Cal.App.3d 345, 85 Cal.Rptr. 107, 113 (1970). The *Cavin Memorial* court stated:

> To obtain jurisdiction of a defendant by publication it is elementary that the affidavit for order of publication must comply with the provisions of [the statute]. Affidavits devoid of averments of facts showing that due diligence was exercised to make service have consistently been held to be insufficient, and orders for service by publication based

(upon such affidavits) have uniformly been held to have been beyond jurisdiction and void.

*Id.* (internal quotations and citations omitted). The Supreme Court of Florida voided a judgment against a defendant where the affidavit requesting service by publication failed to provide that "diligent search and inquiry have been made to discover the residence of the defendant" or "that the residence of the defendant as distinguished from the address is unknown," as was required by the applicable publication statute. *McGee v. McGee,* 156 Fla. 346, 22 So.2d 788, 789–90 (1945) (internal quotations omitted). The McGee court stated that "[s]tatutes authorizing constructive service of process must be strictly construed and exactly followed to give the court jurisdiction to enter a final judgment." *Id.* at 789.

Similarly, the Court of Special Appeals of Maryland noted that "there must be a strict compliance with the statutes and rules on constructive service; compliance is jurisdictional, and if any essential statutory step is omitted, the decree rendered on such service is void." *Sanders v. Sanders,* 12 Md.App. 441, 278 A.2d 615, 618 (1971). In addition, the Supreme Court of Mississippi struck an affidavit requesting service by publication where the affidavit failed to meet the publication statute's requirements that the affidavit either (1) list the street address of the defendant, or (2) aver that after diligent search and inquiry the street address could not be ascertained. *McDuff v. McDuff,* 252 Miss. 459, 173 So.2d 419, 420 (1965). The *McDuff* court noted it had "repeatedly held that the statutory method of giving notice to either a non-resident defendant, or a resident defendant temporarily out of the state, must be strictly complied with, or that the full equivalent thereof be adhered to." *Id.* at 420–21.

■ While not controlling, we find these cases persuasive. Based on the foregoing, we find the affidavit must include some factual basis upon which the court issuing the order of service by publication can find that the defendant cannot, after due diligence, be found within the state. It is the existence of this factual basis that our appellate courts have found make the order for service by publication unreviewable, absent fraud or collusion. Accordingly, the trial court erred as a matter of law in denying Wiquist's motions to set aside default judgment

because the affidavits requesting service by publication did not meet the statutory requirements, and were therefore, facially defective.

■ Furthermore, our decision to reverse the trial court's refusal to set aside the default judgments is consistent with the policy of our state to resolve cases on the merits. To avoid resolving litigation by default, strict compliance with the publication statutes is appropriate. *See Rochester v. Holiday Magic, Inc.*, 253 S.C. 147, 152, 169 S.E.2d 387, 390 (1969) (noting that the statute applicable to vacating a default judg-ment "should be liberally construed to see that justice is promoted and to strive for disposition of cases on their merits". (citation omitted)); *Melton*, 379 S.C. at 54, 664 S.E.2d at 492 (stating that Rule 55(c), SCRCP, permitting the setting aside of a default, should be "liberally construed to promote justice and dispose of cases on the merits" (internal quotations and citations omitted)). Federal courts recognize the same policy. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir.2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."); *Tazco, Inc. v. Dir., Office of Workers Comp. Programs, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir.1990) (noting "[t]he law disfavors default judgments as a general matter").

■ Wiquist also argues that because the affidavits re-questing service by publication were void of any reference to due diligence, service by publication violated her due process rights. The United States Constitution provides, in pertinent part: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The South Carolina Constitution provides that "[n]o person shall be finally bound by a judicial or quasi judicial decision of an administrative agency affecting private rights except on due notice and an opportunity to be heard." S.C. Const. art. I, § 22. The Supreme Court of the United States "has not hesitated to approve of resort to publication as a customary substitute in [a] class of cases where it is *not reasonably possible or practicable* to give more adequate warning." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339

U.S. 306, 317, 70 S.Ct. 652, 658, 94 L.Ed. 865 (1950) (emphasis added). "Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Id.* "[S]ervice by publication is constitutionally insufficient where actual notice by mail is feasible." *United States v. Borromeo,* 945 F.2d 750, 752 (4th Cir.1991). "If the name and address of an individual is reasonably ascertainable, then notice by publication is insufficient to satisfy due process." *Montgomery v. Scott,* 802 F.Supp. 930, 935 (W.D.N.Y.1992).

██ However, "[i]f the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review." *I'On, L.L.C. v. Town of Mt. Pleasant,* 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000). "Constitutional arguments are no exception to the preservation rules...." *Herron v. Century BMW,* 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2012). Though Wiquist mentioned due process in her motions to set aside default, a review of the trial court's orders denying Wiquist's motions to set aside default indicate the court did not make an explicit ruling regarding any due process argument. In fact, the orders do not use the words "due process" or mention the constitution at all. Additionally, Wiquist failed to file Rule 59(e) motions. Therefore, this issue is unpreserved for our review and we decline to reach the constitutional question. *See Morris v. Anderson Cnty.,* 349 S.C. 607, 611, 564 S.E.2d 649, 651 (2002) (discussing the court's firm policy of declining to reach constitutional issues unless necessary to the resolution of an appeal).

██ Finally, Wiquist claims the trial court erred in denying her motion to set aside default judgment because there was at least some evidence suggesting the possibility of fraud or collusion. "Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court." *Elam v. S.C. Dep't of Transp.,* 361 S.C. 9, 23, 602 S.E.2d 772, 779–80 (2004). "[W]here an issue has not been ruled upon by the trial judge nor raised in a post-trial motion, such issue may not be considered on appeal." *Pelican*

*Bldg. Ctrs. of Horry–Georgetown, Inc. v. Dutton,* 311 S.C. 56, 60, 427 S.E.2d 673, 675 (1993) (citation omitted). A review of the record reveals that Wiquist did not raise the issue of fraud or collusion to the trial court. In fact, the trial court specifically found in its orders denying Wiquist's motions to set aside the default judgments that Wiquist "makes no allegation of either fraud or collusion as ground for invalidating the order of publication. Furthermore, the Court finds as a matter of fact that there was no fraud or collusion in obtaining the order of publication." Wiquist failed to file Rule 59(e) motions. Therefore, this issue is unpreserved for our review.

## CONCLUSION

Based on the foregoing, we reverse the trial court's denial of Wiquist's motions to set aside default and remand for further proceedings consistent with this opinion.

Accordingly, the trial court's decision is hereby

**REVERSED and REMANDED.**

FEW, C.J., and WILLIAMS, J., concur.