**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mary Ann Cadelli, Respondent,

v.

George Cadelli, Appellant.

Appellate Case No. 2015-002592

———————

Appeal From Aiken County
Vicki J. Snelgrove, Family Court Judge

———————

Unpublished Opinion No. 2017-UP-349
Submitted June 1, 2017 – Filed August 30, 2017

———————

**AFFIRMED IN PART AND REVERSED IN PART**

———————

Brian Austin Katonak, of Law Office of Brian Katonak,
PA, of Aiken, for Appellant.

Gary Hudson Smith, III, of Smith, Massey, Brodie,
Guynn & Mayes, LLC, of Aiken, for Respondent.

———————

**PER CURIAM:** George Cadelli (Husband) appeals an order from the family court modifying a separation and property settlement agreement between Husband and Mary Cadelli (Wife). Husband argues the family court erred in redistributing

an asset after the agreement had already been approved at a prior hearing. We affirm in part and reverse in part.

The family court approved a separation and property settlement agreement devised by the parties. The agreement provided it "shall not be modified or changed except by the mutual consent and agreement of the parties, expressed in writing." Shortly thereafter, Husband realized the parties had assigned the same Fidelity bank account to both parties and had inadvertently omitted from the agreement a Merrill Lynch bank account that was held in Wife's name. Husband filed a Rule 60, SCRCP, motion asking the family court to swap the name of the Fidelity bank account listed under Wife's name with the Merrill Lynch bank account. Wife informed the family court she was "fine" with receiving the Merrill Lynch bank account "so long as the math still stay[ed] the same." The family court found the agreement should be modified to reflect Wife receiving the Merrill Lynch bank account instead of the Fidelity bank account; however, it also found that because the Merrill Lynch bank account did not contain the amount of money listed on the agreement, the parties should divide the difference.

We find the family court properly granted the Rule 60 motion to fix the clerical error—the bank account names—however, we find the family court had no authority under Rule 60 to rebalance the monetary distribution of the agreement. *See* Rule 60(a) ("Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."); *Dion v. Ravenel, Eiserhardt Assocs.*, 316 S.C. 226, 230, 449 S.E.2d 251, 253 (Ct. App. 1994) ("Generally, a clerical error is defined as a mistake in writing or copying."); *id.* at 230, 449 S.E.2d at 253-54 ("While a court may correct mistakes or clerical errors in its own process to make it conform to the record, it cannot change the scope of the judgment."); *Brown v. Brown*, 392 S.C. 615, 709 S.E.2d 679 (reversing the family court's determination that Rule 60(a) authorized clarification of the divorce decree to reclassify husband's equitable share of the marital home as an interest-accruing money judgment). Furthermore, the parties' agreement was non-modifiable except as "by the mutual consent and agreement of the parties, expressed in writing." *See Simpson v. Simpson*, 404 S.C. 563, 571, 746 S.E.2d 54, 58-59 (Ct. App. 2013) ("[T]he law in South Carolina is exceedingly clear that the family court does not have the authority to modify court ordered property divisions." (quoting *Green v. Green*, 327 S.C. 577, 581, 491 S.E.2d 260, 262 (Ct. App. 1997))); *Moseley v. Mosier*, 279 S.C. 348, 353, 306 S.E.2d 624, 627 (1983) ("[A]n approved agreement, unambiguously stipulating that the terms may not be enforced by contempt and/or that they may not be

altered, binds the court, as well as the parties, to those terms.").  Accordingly we affirm the curing of the clerical error but reverse the monetary redistribution.

**AFFIRMED IN PART AND REVERSED IN PART.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.