**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Pearline Williams, Respondent,

v.

Larita Hipp and Michelle Masaryk, Defendants,

Of whom Michelle Masaryk is the Appellant.

Appellate Case No. 2016-002043

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2019-UP-069
Submitted December 6, 2018 – Filed February 13, 2019

**AFFIRMED**

William H. Bowman, III and Robert P. Wood, both of
Rogers Townsend & Thomas, PC, of Columbia, for
Appellant.

Gerald Eugene Reardon, of Law Office of Jerry Reardon,
and Blake A. Hewitt, of Bluestein Thompson Sullivan
LLC, both of Columbia, for Respondent.

**PER CURIAM:** Michelle Masaryk appeals the circuit court's entry of default and a monetary judgment against her. On appeal, Masaryk argues the circuit court abused its discretion in (1) declining to set aside the default judgment when the affidavit of non-service was insufficient to show the process server exercised due diligence in attempting to locate her and (2) executing two different money judgment amounts and enforcing the greater of the two. We affirm.

## I.    SERVICE BY PUBLICATION

Masaryk argues the circuit court abused its discretion in denying her motion to set aside the default judgment because the facts show Williams failed to exercise due diligence in attempting to personally serve her. She relies on *Caldwell v. Wiquist*, 402 S.C. 565, 741 S.E.2d 583 (Ct. App. 2013) for the proposition that service by publication is ineffective where the affidavit of non-service is facially defective for failing to state facts of sufficient quality supporting a finding of due diligence. She avers the facts in the instant process server's affidavit were similarly devoid of detail to those in *Caldwell*, thus rendering the service by publication ineffective. We disagree.

"The power to set aside a default judgment is addressed to the sound discretion of the [circuit] court and will not be disturbed on appeal absent a clear showing of an abuse of discretion." *Melton v. Olenik*, 379 S.C. 45, 50, 664 S.E.2d 487, 489–90 (Ct. App. 2008). "An abuse of discretion arises when the court issuing the order was controlled by an error of law or when the order, based upon factual conclusions, is without evidentiary support." *Id.* at 50, 664 S.E.2d at 490.

Rule 60(b)(4), SCRCP, provides the circuit court may relieve a party from a final judgment if the judgment is void. "The definition of 'void' under the rule only encompasses judgments from courts which failed to provide proper due process, or judgments from courts which lacked subject matter jurisdiction or personal jurisdiction." *McDaniel v. U.S. Fid. & Guar. Co.*, 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct. App. 1996). "The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle him to relief." *Delta Apparel, Inc. v. Farina*, 406 S.C. 257, 267, 750 S.E.2d 615, 620 (Ct. App. 2013).

Section 15-9-710 of the South Carolina Code (2005) provides service by publication is allowable when the defendant is a resident of this state and cannot be found after a diligent search. The section "does not specify the character of the facts and circumstances which must be stated in the affidavit or the quantity of the evidence necessary to satisfy the officer, before ordering publication. It simply

requires that it must appear by affidavit to his satisfaction." *Dow v. Bolden*, 245 S.C. 321, 329, 140 S.E.2d 473, 477 (1965) (quoting *Yates v. Gridley*, 16 S.C. 496, 499–500 (1882)).

In *Yarbrough v. Collins*, our supreme court held it was error for this court to consider the sufficiency of affidavits in support of notice by publication, even where the affidavits contained only conclusory statements, when the opposing party failed to show any evidence of fraud or collusion. 293 S.C. 290, 292–93, 360 S.E.2d 300, 301 (1987). "[*Yarbrough*] makes it clear that in the absence of fraud or collusion, the decision of the officer ordering service by publication is final." *Montgomery v. Mullins*, 325 S.C. 500, 506, 480 S.E.2d 467, 470 (Ct. App. 1997). "When the issuing officer is satisfied by the affidavit, his decision to order service by publication is final absent fraud or collusion." *Wachovia Bank of S.C., N.A. v. Player*, 341 S.C. 424, 429, 535 S.E.2d 128, 130 (2000).

In *Caldwell*, this court held affidavits requesting service by publication that are facially defective for failure to comply with the publication statute will not be sustained even in the absence of fraud or collusion. 402 S.C. at 571–72, 741 S.E.2d at 586–87. Therein, the Beaufort County Sheriff's Department wrote "ADDRESS VACANT" on the affidavit of non-service after unsuccessfully attempting to effect service on the address listed on an accident report; the plaintiffs also did not attempt to serve the defendant by mail. *Id.* at 568, 741 S.E.2d at 585. Moreover, the affidavit provided the defendant was not a resident of Beaufort County and therefore could not be personally served in Beaufort County. *Id.* at 571, 741 S.E.2d at 587. This court overturned the order of default, finding the affidavits did not strictly comply with section 15-9-710 because they were facially defective. *Id.* at 569–75, 741 S.E.2d 586–89. This court stated:

> Section 15-9-710 permits service by publication when a defendant cannot be found within the [s]tate, but the [plaintiffs]' affidavits requesting service by publication only provide that [the defendant] could not be served in Beaufort County and contain no information regarding whether or not she could be found in the [s]tate. The affidavits requesting publication are defective on their face because they state the [plaintiffs] tried to serve a non-resident of Beaufort County only in Beaufort County. Furthermore, the affidavits requesting service by publication do not contain any statements regarding

the due diligence undertaken and, in fact, do not even contain the phrase "due diligence."

*Id.* at 571–72, 741 S.E.2d at 587. "[T]he affidavit must include some factual basis upon which the court issuing the order of service by publication can find that the defendant cannot, after due diligence, be found within the state." *Id.* at 574, 741 S.E.2d at 588. "It is the existence of this factual basis that our appellate courts have found make the order for service by publication unreviewable, absent fraud or collusion." *Id.*

We find the circuit court did not abuse its discretion in denying Masaryk's motion to set aside the default judgment. *See Melton*, 379 S.C. at 50, 664 S.E.2d at 489–90 ("The power to set aside a default judgment is addressed to the sound discretion of the [circuit] court and will not be disturbed on appeal absent a clear showing of an abuse of discretion."). In the case at bar, the affidavit from the process server indicated he went to the Longcreek address listed on Masaryk's drivers' license and the accident report; the affidavit further stated he spoke to the current resident, who did not know Masaryk's whereabouts. Unlike *Caldwell*, the affidavit in support of publication from Williams's attorney did not specifically state the search for Masaryk was limited to a county in which she was not a resident. *See Caldwell*, 402 S.C. at 571, 741 S.E.2d at 587. Moreover, both the process server's affidavit and Williams's attorney's affidavit contained language regarding "due diligence," which was notably absent from the affidavits in *Caldwell*. *See id.* at 571–72, 741 S.E.2d at 587. In his supplemental affidavit, which was submitted to the circuit court, the process server further explained he performed a skip trace search that did not reveal any other addresses linked to Masaryk. *See id.* at 571, 471 S.E.2d at 587 (noting the affidavit of non-service stated the plaintiffs only attempted to serve the defendant, a non-resident of Beaufort County, in Beaufort County, and the plaintiffs provided no additional information regarding their search efforts). Thus, we believe the insufficiencies of the *Caldwell* affidavits are absent from this case.

The *Caldwell* court also expressed concern that the plaintiffs did not make any attempt to serve the defendant by mail. *Id.* at 568, 741 S.E.2d at 585. Here, on the other hand, the order of service by publication required Williams to mail the summons and complaint to Masaryk's last known address. At the damages hearing, Williams introduced a copy of the certified envelope containing a notice of the damages hearing, which was undeliverable. Accordingly, we find the instant appeal is distinguishable from *Caldwell* because the affidavits here were not facially defective and contained at least some facts concerning the efforts to locate Masaryk within the state. Because Masaryk does not argue the affidavits in

support of service by publication contain fraud or collusion, this court is precluded from further inquiry into the sufficiency of the affidavits. *See Montgomery*, 325 S.C. at 506, 480 S.E.2d at 470 ("[*Yarbrough*] makes it clear that in the absence of fraud or collusion, the decision of the officer ordering service by publication is final."); *Player*, 341 S.C. at 429, 535 S.E.2d at 130 ("When the issuing officer is satisfied by the affidavit, his decision to order service by publication is final absent fraud or collusion.").

## II.   JUDGMENT AMOUNT

Masaryk also argues the circuit court erred in entering two money judgments and arbitrarily choosing to enforce the greater of the two. She asserts the circuit court properly entered the March 21 judgment for $25,000 but unjustly changed the scope of the judgment against her by entering the subsequent order for $45,000. We disagree.

"Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Rule 60(a), SCRCP. "Generally, a clerical error is defined as a mistake in writing or copying." *Dion v. Ravenel, Eiserhardt Assocs.*, 316 S.C. 226, 230, 449 S.E.2d 251, 253 (Ct. App. 1994). "As applied to judgments and decrees, it is a mistake or omission by a clerk, counsel, judge or printer which is not the result of exercise of judicial function." *Id.* "While a court may correct mistakes or clerical errors in its own process to make it conform to the record, it cannot change the scope of the judgment." *Id.* at 230, 449 S.E.2d at 253–54.

We find the circuit court did not abuse its discretion in enforcing the $45,000 judgment. At the damages hearing, counsel for Williams initially requested $25,000 in damages. Immediately after, counsel amended the request and indicated there may be a setoff. The circuit court stated it had already "filled in the blank" for the order but would correct the damages amount at a later date. Nonetheless, the circuit court entered a judgment on March 21 awarding Williams $25,000; on March 23 and 28, it entered judgments correcting the award to $45,000. In its order denying Masaryk's motion to set aside the default judgment, the circuit court clearly indicated it entered multiple judgments as the result of its own clerical error. Based on the foregoing, the circuit court was within its discretion in filing an amended order correcting an "oversight or omission" in writing in the requested damages amount. *See* Rule 60(a), SCRCP ("Clerical mistakes in judgments, orders or other parts of the record and errors therein arising

from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."). Further, the circuit court only changed the award of damages to conform to what was requested at the hearing and did not otherwise alter the scope of the judgment against Masaryk. *See Dion*, 316 S.C. at 230, 449 S.E.2d at 253–54 ("While a court may correct mistakes or clerical errors in its own process to make it conform to the record, it cannot change the scope of the judgment.").

Accordingly, the decision of the circuit court is

**AFFIRMED.**[1]

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.