**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

MidFirst Bank, Respondent,

v.

Richard Brady, State of South Carolina, and Richland County Clerk of Court, Defendants,

Of whom Richard Brady is the Appellant.

Appellate Case No. 2017-002410

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

Unpublished Opinion No. 2020-UP-254
Submitted May 8, 2020 – Filed August 26, 2020

**AFFIRMED**

Leonard R. Jordan, Jr., of Jordan Law Firm, of Columbia, for Appellant.

Magalie Arcure Creech, of Finkle Law Firm, LLC, of Charleston, for Respondent.

**PER CURIAM:** In this mortgage foreclosure action, Appellant Richard Brady contends the Master-in-Equity erred by not finding the Order and Judgment of

Foreclosure and Sale void for lack of personal jurisdiction. Specifically, Brady argues Respondent Midfirst Bank ("Bank") failed to comply with statutory service requirements because the order of publication and affidavit requesting service by publication were facially defective and Bank was grossly negligent in its attempt to locate Brady. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Belle Hall Plantation Homeowner's Ass'n, Inc. v. Murray*, 419 S.C. 605, 614, 799 S.E.2d 310, 315 (Ct. App. 2017) ("The appellate court's standard of review in equitable matters is our own view of the preponderance of the evidence." (quoting *Horry County v. Ray*, 382 S.C. 76, 80, 674 S.E.2d 519, 522 (Ct. App. 2009))); *Wells Fargo Bank, NA v. Turner*, 378 S.C. 147, 150, 662 S.E.2d 424, 425 (Ct. App. 2008) ("However, the determination of whether a judicial sale should be set aside is a matter left to the sound discretion of the [master]."); S.C. Code Ann. § 15-9-710(3) (2005) (providing that an order for service by publication may be issued when an affidavit is made, to the satisfaction of the issuing clerk, that the defendant, a resident of the state, cannot be found after a diligent search); *Wachovia Bank of S.C., N.A. v. Player*, 341 S.C. 424, 429, 535 S.E.2d 128, 130 (2000) ("When the issuing officer is satisfied by the affidavit, *his decision to order service by publication is final* absent fraud or collusion." (emphasis added)); *Dow v. Bolden*, 245 S.C. 321, 329, 140 S.E.2d 473, 477 (1965) (stating that the statute providing for service by publication "does not specify the character of the facts and circumstances [that] must be stated in the affidavit, or the quantity of the evidence necessary to satisfy the officer[] before ordering publication[,]" but merely requires that it appears by affidavit, to the satisfaction of the officer, that after a diligent search, the defendant could not be found within the state (quoting *Yates v. Gridley*, 16 S.C. 496, 499–500 (1882))); *Caldwell v. Wiquist*, 402 S.C. 565, 574, 741 S.E.2d 583, 588 (Ct. App. 2013) ("[T]he affidavit must include some factual basis upon which the c[lerk] issuing the order of service by publication can find that the defendant cannot, after due diligence, be found within the state."); *id.* ("It is the existence of this factual basis that our appellate courts have found make[s] the order for service by publication unreviewable, absent fraud or collusion."); *see id.* at 574–75, 741 S.E.2d at 588 (finding an affidavit facially defective when it was devoid of a factual basis upon which the clerk issuing the order of service by publication could find that the defendant could not be found within the state).

Furthermore, Bank was not grossly negligent by not communicating with Brady via mail directed to his realtor or his P.O. Box. *See* Rule 4(d)(1), SCRCP ("Service shall be made . . . [u]pon an individual other than a minor under the age of 14 years . . . by delivering a copy of the summons and complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . .").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.