649 S.E.2d 151

**Howard L. HENDRICKS, Respondent,**

v.

**William T. HICKS, and Miss Kitty's Inc., Appellant.**

No. 4273.

Court of Appeals of South Carolina.

Submitted June 1, 2007.

Decided July 6, 2007.

---

Irby E. Walker, Jr., of Conway, for Appellant.

William W. DesChamps, Jr., of Myrtle Beach, for Respondent.

STILWELL, J.

William T. Hicks and Miss Kitty's, Inc. (hereafter collectively Hicks) contend the master in equity erred in finding Hicks liable for fraud. We affirm.[1]

## FACTS

Hicks leased the property in question from Danny Enterprises in 1998. Hicks and Howard Hendricks entered into a contract in 2002, pursuant to which Hicks' leasehold interest was assigned to Hendricks. Hendricks also purchased all the furniture, fixtures, equipment, inventory, and good will connected with the ongoing business and the premises. The contract also gave Hendricks the right to offset any loss or damage he incurred in the event of a breach of any of the warranties, representations, or covenants in the contract from any sum he may still owe.

Hicks specifically warranted that "public water is available to the premises" and "applicable zoning permits operation of an adult entertainment business on the premises." The contract further stated, "we have no knowledge of any fire, health, safety, building, pollution, environmental, zoning or other violation of law in respect to the property. . . ."

Hicks was operating a "gentleman's club" on the premises prior to entering into the transaction with Hendricks and was litigating with the City of Myrtle Beach concerning sewer service to the property. The property had to be within the city limits to connect to the sewer lines, but city zoning ordinances prohibited the operation of adult-oriented businesses in that particular location.[2] Even though a state court order held that the city was under no obligation to provide sewer service, Hicks still contended he was entitled to the

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. Hicks argued that because he had paid a sewer impact fee, he had a continuing contract with the city to provide sewer service to the premises regardless of annexation into the city.

service, and the dispute was ongoing in federal court at the time of the transaction with Hendricks.

The Department of Health and Environmental Control (DHEC) notified Hicks of a temporary allowance permitting him to use the "pump and haul" method of waste disposal until the business could connect to public sewer. Hicks was then notified that if he could not connect to public sewer service he would have to cease operating his business because continued use of a septic system would constitute a violation.

Hendricks was aware there was an ongoing dispute between the city and Hicks with respect to the sewer connection. However, it was not until after the closing that Hendricks learned of the cease and desist order from DHEC. He also discovered that much of the furniture and other personal property covered by the assignment was not clear of liens and encumbrances as warranted. This resulted in Hendricks spending significant amounts of money replacing the furniture and televisions that were repossessed.

Hendricks attempted to work with DHEC in order to reach a compromise on the sewer situation. However, his efforts were to no avail. Hendricks then informed Hicks of his intention to invoke the offset provision set forth in the contract.

Hendricks filed a complaint against Hicks alleging fraud, conversion, and breach of contract. Hicks filed a timely counterclaim alleging breach of contract. The matter was referred to the master who, after a hearing on the merits, issued an order granting judgment in favor of Hendricks for $100,826.51 ($72,000 on the fraud cause of action and $28,826.51 on the conversion cause of action).[3] The order also dismissed Hicks' counterclaim with prejudice.

## STANDARD OF REVIEW

An action for fraud is one at law. *Bivens v. Watkins*, 313 S.C. 228, 230, 437 S.E.2d 132, 133 (Ct.App.1993) (applying a

---

**3.** The master also found for Hendricks on the breach of warranty claim, but only awarded damages pursuant to the fraud and conversion claims. Hendricks' conversion claim was based on Hicks' improper self-help reclamation of the property after Hendricks attempted to invoke the offset provisions of the contract.

legal standard of review on appeal from causes of action alleging fraud, negligent misrepresentation, and breach of fiduciary duty). In an action at law tried without a jury, the court's findings of fact will be upheld on appeal when the findings are reasonably supported by the evidence. *Butler Contracting, Inc., v. Court Street, LLC,* 369 S.C. 121, 127, 631 S.E.2d 252, 255 (2006). The court's findings of fact will not be disturbed on appeal unless wholly unsupported by the evidence or clearly influenced or controlled by an error of law. *Id.* at 127, 631 S.E.2d at 255–56.

## LAW/ANALYSIS

Hicks contends the master erred in finding him liable for fraud without evidence supporting each element. We disagree.

■ To establish a claim of fraud, plaintiffs must show by clear and convincing evidence (1) a representation; (2) its falsity; (3) its materiality; (4) knowledge of its falsity or a reckless disregard for its truth or falsity; (5) intent that the plaintiff act upon the representation; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *King v. Oxford,* 282 S.C. 307, 311, 318 S.E.2d 125, 127 (Ct.App.1984). Failure to prove any one of these elements is fatal to recovery. *O'Shields v. Southern Fountain Mobile Homes, Inc.,* 262 S.C. 276, 281, 204 S.E.2d 50, 52 (1974).

■ Hicks contends that because Hendricks was aware of the litigation between himself and the city, Hendricks could not have reasonably relied on any representation regarding available sewer service. He further argues that any warranty regarding health or safety violations could not be false because his litigation with the city was ongoing and unresolved. We disagree.[4]

---

4. This appeal only involves the fraud cause of action based on the warranties and representations in the contract and lease assignment, not the fraud cause of action concerning the personal property, as Hicks makes no argument concerning the personal property in his brief.

Hicks warranted that he had "no knowledge of any fire, health, safety, building, pollution, environmental, zoning, or other violation of law in respect to the property or any part thereof" ... nor had he "received written notice from any federal, state, county, or municipal government authority alleging any such violations." He went on to warrant specifically "that applicable zoning permits operation of an adult entertainment business on the premises." The combination of these warranties represented to Hendricks that the purpose for which he was leasing the property, to open an adult entertainment business, would be possible.

Even though Hendricks was aware of the sewer-related litigation, he did not know DHEC was requiring discontinuation of the "pump and haul" method of waste disposal, leaving him with no sewer service to the property. Regardless of whether the city had improperly denied sewer service to Hicks, there was clearly a notice from DHEC that the continued use of a septic system constituted a violation.

Hendricks testified that Hicks showed him the "pump and haul" system and explained the existing waste disposal system when he viewed the property before signing the contract. The parties discussed possible repairs that could be made to the system. At no point, however, did Hicks indicate this was an unacceptable form of waste removal nor did Hicks disclose that he had been told by DHEC that the "pump and haul" system was only temporary. Hendricks did not learn of the cease and desist order until the day after closing when he contacted DHEC himself. This omission, coupled with the warranty that there were no health or safety violations related to the property, misled Hendricks on a clearly material issue.

As a result of the false representations, Hendricks was placed in the position of being unable to satisfy waste disposal requirements without being annexed into the city, at which time he would no longer be able to operate the adult entertainment business. The master found that Hendricks proved by clear, cogent, and convincing evidence that the representations made by Hicks were false, were justifiably relied on by Hendricks to his detriment, and Hendricks is entitled to

judgment against Hicks. There is ample evidence in the record to support the master's ruling.

**AFFIRMED.**

SHORT and WILLIAMS, JJ., concur.