665 S.E.2d 667

**Dugan J. McLAUGHLIN, Appellant,**

**v.**

**Sally W. WILLIAMS, Coldwell Banker Chicora Real Estate, Dunes Realty, Inc., Dan Laudone d/b/a U.S. Home Inspections, Inc., and Michael W. Alpaugh d/b/a Xtreme Termite & Pest Control, Defendants, of whom Sally W. Williams, Coldwell Banker Chicora Real Estate, and Dunes Realty, Inc. are Respondents.**

**No. 4421.**

Court of Appeals of South Carolina.

Submitted March 1, 2008.

Decided June 30, 2008.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

N. Ward Lambert, R. Patrick Smith, of Greenville, for Appellant.

Amanda A. Bailey, Mark McAdams, of Myrtle Beach, Kathryn M. Cook, of North Myrtle Beach, Phillip Ferderigos, Charleston, for Respondents.

Luther O. McCutchen, III, of Myrtle Beach, Nikole Setzler Mergo, of Columbia, for Defendants.

WILLIAMS, J.

Dugan J. McLaughlin (McLaughlin) appeals the circuit court's grant of summary judgment on his claims for fraud and negligent misrepresentation. We affirm.

## FACTS

In 2003, McLaughlin was searching for a house to purchase in Myrtle Beach or Georgetown, South Carolina. McLaughlin utilized the services of Barbara Kingsmore (Kingsmore), a real estate agent with Coldwell Banker Chicora Real Estate (Chicora), to locate a suitable house.

Kingsmore showed various properties to McLaughlin's mother-in-law, who believed McLaughlin might be interested in the property located at 138 Tarpon Circle in Georgetown (the Subject Property). At the time, the Subject Property was owned by Sally W. Williams (Williams), and Dunes Realty, Inc. (Dunes Realty) was Williams' listing agent.

On May 3, 2003, Kingsmore contacted Dunes Realty and requested a Residential Property Disclosure Statement (the Disclosure Statement) for the Subject Property. On May 5, 2003, Williams and her husband prepared the Disclosure Statement, which was subsequently sent to Kingsmore. Upon receipt of the Disclosure Statement, Kingsmore noticed several of the items were left blank and there were no explanations for certain items, indicating possible problems with the Subject Property. Kingsmore requested a more complete disclosure statement; however, neither Dunes nor Williams provided one.

On May 14, 2003, Kingsmore showed the Subject Property to McLaughlin. Ultimately, McLaughlin decided to submit an

offer to purchase the Subject Property and executed contracts with Chicora to establish the representative relationship between the parties. On May 15, 2003, Kingsmore showed the Disclosure Statement to McLaughlin and advised him to obtain an inspection to ensure there were no major defects with the Subject Property. McLaughlin initialed each page of the Disclosure Statement, signifying he had reviewed it.

Following negotiations between McLaughlin and Williams, the parties entered into an Agreement of Sale and Purchase and scheduled the closing for June 18, 2003. Pursuant to the agreement, McLaughlin employed U.S. Home Inspections to perform a "whole house inspection" on the Subject Property. Following the inspection, McLaughlin received a written inspection report (the Home Inspection Report) indicating moisture damage to the exterior of the Subject Property.

In addition to the Home Inspection Report, a termite and moisture inspection (the CL–100) was performed on the Subject Property and included in the closing documents. The CL–100 indicated the presence of wood-destroying fungi and a wood moisture content of 28% or more below the first main floor.

On June 18, 2003, McLaughlin closed and took possession of the Subject Property. Approximately six weeks following the closing, McLaughlin learned of defects in the structure of the Subject Property due to prior water intrusion.

McLaughlin asserted claims for fraud and negligent misrepresentation against Williams, Chicora, and Dunes Realty. Separately, each defendant filed a motion for summary judgment. In separate orders, the circuit court granted summary judgment for all three defendants. This appeal followed.

## STANDARD OF REVIEW

When reviewing the grant of a summary judgment motion, this Court applies the same standard of review as the circuit court under Rule 56, SCRCP. *Cowburn v. Leventis*, 366 S.C. 20, 30, 619 S.E.2d 437, 443 (Ct.App.2005). Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Id.* To determine whether any triable issues of fact exist, the reviewing court must consider the evidence

and all reasonable inferences in the light most favorable to the non-moving party. *Id.*

## LAW/ANALYSIS

McLaughlin argues the trial court improperly granted summary judgment in favor of Williams and Chicora[1] because there was a genuine issue of material fact as to his ability to rely upon the Disclosure Statement. We disagree.

To survive a motion for summary judgment, McLaughlin must offer some evidence that a genuine issue of material fact existed as to each element of fraud and negligent misrepresentation. *See Steele v. Rogers,* 306 S.C. 546, 552, 413 S.E.2d 329, 333 (Ct.App.1992) (explaining the plaintiff has the burden to prove each element of the cause of action). To maintain a claim for fraud, a plaintiff must show by clear and convincing evidence:

(1) a representation; (2) its falsity; (3) its materiality; (4) knowledge of its falsity or a reckless disregard for its truth or falsity; (5) intent that the plaintiff act upon the representation; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

*Hendricks v. Hicks,* 374 S.C. 616, 620, 649 S.E.2d 151, 152–53 (Ct.App.2007). To maintain a claim for negligent misrepresentation, a plaintiff must show by a preponderance of the evidence:

(1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation.

*Redwend Ltd. P'ship v. Edwards,* 354 S.C. 459, 473–74, 581 S.E.2d 496, 504 (Ct.App.2003).

---

1. McLaughlin has since dropped his appeal against Dunes Realty.

 "The key difference between fraud and negligent misrepresentation is that fraud requires the conveyance of a known falsity, while negligent misrepresentation is predicated upon transmission of a negligently made false statement." *Armstrong v. Collins*, 366 S.C. 204, 219–20, 621 S.E.2d 368, 375–76 (Ct.App.2005) (internal quotations and citations omitted). While the two causes of action differ, both fraud and negligent misrepresentation contain "the necessary element that the hearer had the right to rely upon the misrepresentation or fraud." *Id.*

Initially, we note McLaughlin's claims against each of the three defendants are based on his assertion that the Disclosure Statement completed by Williams was a misrepresentation. Specifically, McLaughlin's complaint asserted: 1) the Disclosure Statement was a misrepresentation, upon which he reasonably and detrimentally relied; and 2) all three Defendants had a statutory duty to ensure that the Disclosure Statement was in compliance with the applicable statutory law. Because McLaughlin's claims focused on the Disclosure Statement as a misrepresentation, we must determine whether McLaughlin was entitled to rely on the Disclosure Statement itself.

 In arguing summary judgment was inappropriate because there was an issue of fact as to whether he could rely upon the Disclosure Statement, McLaughlin points to the general premise that "issues of reliance and its reasonableness going as they do to subjective states of mind and applications of objective standards of reasonableness, are preeminently factual issues for the trier of facts." *Unlimited Servs., Inc. v. Macklen Enters., Inc.*, 303 S.C. 384, 387, 401 S.E.2d 153, 155 (1991) (internal quotations and citations omitted). Additionally, McLaughlin notes "a buyer has the right in South Carolina to rely on a seller of a home to disclose latent defects or hidden conditions which are not discoverable on a reasonable examination of the property and of which the seller has knowledge." *May v. Hopkinson*, 289 S.C. 549, 557, 347 S.E.2d 508, 513 (Ct.App.1986).

 However, while issues of reliance are ordinarily resolved by the finder of fact, "there can be no reasonable reliance on a misstatement if the plaintiff knows the truth of

the matter." *Gruber v. Santee Frozen Foods, Inc.*, 309 S.C. 13, 20, 419 S.E.2d 795, 800 (Ct.App.1992). Thus, if the undisputed evidence clearly shows the party asserting reliance has knowledge of the truth of the matter, there is no genuine issue of material fact.

In the instant case, the circuit court determined McLaughlin failed to create an issue of fact regarding reliance on the Disclosure Statement in light of the information available to him prior to closing. The circuit court pointed to the information contained in the Home Inspection Report and the CL–100, which showed the existence of water damage to the Subject Property, as well as the testimony of McLaughlin and Kingsmore stating such information placed them on notice of potential moisture problems. Ultimately, the circuit court determined because of this information, no reasonable jury could conclude McLaughlin had a right to rely on the Disclosure Statement.

McLaughlin argues there is an issue of fact as to what level of knowledge could be gleaned from the information contained in the two reports. Specifically, he argues the Home Inspection Report does not indicate water damage to locations within the interior portion of the house, and therefore, there is an issue of fact as to whether or not the Home Inspection Report precluded him from relying upon the Disclosure Statement. McLaughlin also argues the CL–100 only indicates the presence of active wood destroying fungi, which is not an issue in this case. We disagree.

Although the Disclosure Statement indicated Williams was not aware of a malfunction or defect due to "water seepage, leakage, dampness or standing water or water intrusion from any source **in any area of the structure**," the Home Inspection Report clearly informed McLaughlin there was "[s]ome moisture damage" in various locations on the exterior of Subject Property.[2] (emphasis added). The CL–100 reported "active wood destroying fungi" and a moisture content of at least 28% below the first main floor of the house. Further-

---

2. While McLaughlin claims he was not concerned with damage to the exterior of the property, the fact there was water damage directly contradicts the Disclosure Statement's language indicating there was no water damage whatsoever on the Subject Property.

more, the CL–100 explicitly noted "fungi damage to wood" is "commonly called water damage." Both the Home Inspection Report and the CL–100 clearly show McLaughlin had information that directly contradicted the Disclosure Statement.

In addition to the information contained in the Home Inspection Report and CL–100, McLaughlin's testimony also supports the conclusion that he could not, as a matter of law, rely upon the Disclosure Statement. McLaughlin testified the documents reflect moisture damage at the home and should have "raised red flags."

In sum, the Home Inspection Report and CL–100 clearly illustrate McLaughlin had information indicating there was moisture damage to the Subject Property. McLaughlin had knowledge that directly contradicted the representations found in the Disclosure Statement, and therefore, as a matter of law, he failed to establish the necessary element of reliance for his claims of fraud and negligent misrepresentation. Accordingly, the circuit court did not err in its grant of summary judgment.

We affirm the circuit court on the basis that McLaughlin could not rely on the Disclosure Statement because the Home Inspection Report and CL–100 gave him knowledge contradicting the Disclosure Statement. While this is clearly dispositive of McLaughlin's claims for fraud and negligent misrepresentation, the circuit court also noted several other grounds for granting summary judgment, and McLaughlin appeals on those grounds as well. For the sake of completeness, we address those grounds.

McLaughlin argues the circuit court erred in failing to apply the holding of *MacFarlane v. Manly,* 274 S.C. 392, 395, 264 S.E.2d 838, 840 (1980), in which the South Carolina Supreme Court held an "as is" clause and a "right to inspect" provision contained in a contract for sale do not, as a matter of law, bar an action for fraud. It is important to note, however, the circuit court did not conclude the "as is" clause and the "right to inspect" provision contained in the sales contract between McLaughlin and Williams barred McLaughlin's fraud claims.

The order of the circuit court specifically states the "as is" clause and the "right to inspect" provision did not bar the cause of action for fraud. Rather, the circuit court deter-

mined the "as is" clause and the "right to inspect" provision barred the claim for negligent misrepresentation as a matter of law because he could not justifiably rely on the disclosure statement in light of those provisions in the contract. On appeal, McLaughlin challenges the circuit court's conclusion on the basis that he did in fact inspect the property and could rely on the Disclosure Statement in light of such inspection. However, having concluded McLaughlin could not rely on the Disclosure Statement due to the information contained in the Home Inspection Report and the CL–100, we cannot accept this argument.

McLaughlin also challenges the circuit court's determination that Kingsmore's knowledge is imputed to McLaughlin due to their agency relationship. The circuit court did not rely upon this determination for its conclusion, however, having already found McLaughlin could not rely upon the Disclosure Statement based on the information personally available to McLaughlin.

McLaughlin also argues he relied on Kingsmore's knowledge, pointing to his own testimony that she told him there was nothing to worry about after reviewing the Home Inspection Report. Kingsmore testified she informed McLaughlin the Home Inspection Report showed moisture damage and a potential for structural problems, and she advised him to have a contractor or electrician inspect the house. While this testimony may raise an issue of fact as to what Kingsmore told McLaughlin, it does not raise an issue of fact as to whether McLaughlin could rely on the Disclosure Statement. McLaughlin's complaint alleges he is entitled to recover based upon his reliance on the Disclosure Statement, as he did not allege any other misrepresentations. The information contained in the Home Inspection Report and the CL–100 indicated there was moisture damage within the Subject Property. Based upon this information, McLaughlin could not rely upon the Disclosure Statement.

In addition to finding McLaughlin could not rely upon the Disclosure Statement, the circuit court granted summary judgment to Chicora on the grounds it did not owe McLaughlin a duty to ensure the accuracy of the Disclosure Statement. Specifically, the circuit court found the South Carolina Residential Property Condition Disclosure Act (the Act) only im-

poses a duty on the *owner* of real property to make disclosures about the property to be sold. The circuit court also pointed out that South Carolina Code Section 27–50–70(B) (2007) provides:

> The real estate licensee, whether acting as the listing agent or selling agent, is not liable to a purchaser if:
>
> (1) the owner provides the purchaser with a disclosure form that contains false, incomplete, or misleading information; and
>
> (2) the real estate licensee did not know or have reasonable cause to suspect the information was false, incomplete, or misleading.

Using this language, the circuit court concluded the Act imposed no duty on Chicora.

McLaughlin contends the statute imposes a duty on Chicora in this instance because Chicora was aware the Disclosure Statement was incomplete or misleading. Under the language of section 27–50–70(B), if a real estate licensee knows the information is incomplete or misleading, the licensee may still be liable to the purchaser.

Here, the record supports a conclusion Chicora had knowledge the Disclosure Statement was incomplete. Specifically, the testimony from Kingsmore that she realized the Disclosure statement was incomplete upon reading it; therefore, the record supports the conclusion Chicora may be liable to McLaughlin based on the Disclosure Statement. However, such a conclusion is not adverse to our holding that the trial court properly granted summary judgment in favor of Chicora. The fact remains, McLaughlin was in possession of the Home Inspection Report and the CL–100, and therefore, he could not rely upon the Disclosure Statement.

## CONCLUSION

For the foregoing reasons, the orders of the circuit court are

**AFFIRMED.**[3]

HUFF and KITTREDGE, JJ., concur.

---

3. We decide this case without oral arguments pursuant to Rule 215, SCACR.