THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Greg M. Chandler, Appellant,
 v.
 Arnoldean Bradford and Joyce P.
 Bradford and Ben L. Trotter, d/b/a/ Pickens Pest Control, Defendants,
 of Whom Arnoldean Bradford and
 Joyce P. Bradford are, Respondents.
 
 
 

Appeal From Pickens County
Michael G. Nettles, Circuit Court Judge
Unpublished Opinion No. 2009-UP-162
Submitted February 4, 2009  Filed April 6, 2009
AFFIRMED

 
 
 
 Nathaniel A. Earle and Larry N. Briggs, both of Greenville,
 for Appellant.
 Thomas Bailey Smith, of Easley, for Respondents.
 
 
 

PER
 CURIAM: In this action stemming from the purchase of real property,
 Chandler asserts the trial court erred in granting summary judgment on his claims
 for breach of contract, breach of contract accompanied by a fraudulent act,
 fraud and deceit, negligent misrepresentation, and non-compliance with the
 Residential Property Condition Disclosure Act.  We affirm the trial court
 pursuant to Rule 220(b)(2), SCACR, and the following authorities:
1.  As to breach of
 contract:  Ward v. West Oil Co., 379 S.C. 225, 239, 665 S.E.2d 618, 625
 (Ct. App. 2008) ("If a contract's language is plain, unambiguous, and
 capable of only one reasonable interpretation, no construction is required and its
 language determines the instrument's force and effect."); Lindsay v.
 Lindsay, 328 S.C. 329, 340, 491 S.E.2d 583, 589 (Ct. App. 1997) ("The
 court must enforce an unambiguous contract according to its terms regardless of
 its wisdom or folly, apparent unreasonableness, or the parties' failure to
 guard their rights carefully."); First Fed. Sav. & Loan Ass'n of
 South Carolina v. Dangerfield, 307 S.C. 260, 267, 414 S.E.2d 590, 594 (Ct.
 App. 1992) ("There is no breach of an implied covenant of good faith where
 a party to a contract has done what the provisions of the contract expressly
 gave him the right to do."); RoTec Servs., Inc. v. Encompass Servs.,
 Inc., 359 S.C. 467, 473, 597 S.E.2d 881, 884 (Ct. App. 2004) (concluding
 that an implied covenant of good faith and fair dealing is not an independent
 cause of action separate from the claim for breach of contract).
2.  As to fraud and negligent
 misrepresentation:  Baughman v. Am. Tel. & Tel. Co., 306 S.C. 101,
 116, 410 S.E.2d 537, 545-46 (1991) ("[T]he plain
 language of Rule 56(c) mandates the entry of summary judgment, after adequate
 time for discovery and upon motion, against a party who fails to make a showing
 sufficient to establish the existence of an
 element essential to the party's case, and on which that party will bear the
 burden of proof at trial.") (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)); Schnellmann v. Roettger, 373 S.C. 379,
 382, 645 S.E.2d 239, 241 (2007) ("The failure to prove any element of
 fraud or misrepresentation is fatal to the claim."); McLaughlin v. Williams,
 379 S.C. 451, 458, 665 S.E.2d 667, 671 (Ct. App. 2008) ("[I]f the
 undisputed evidence clearly shows the party asserting reliance has knowledge of
 the truth of the matter, there is no genuine issue of material fact"); id. 379 S.C. at 459, 665 S.E.2d at 671 (holding buyer failed to establish the
 necessary element of reliance for claims of fraud and negligent
 misrepresentation where buyer had information of moisture damage prior to the
 sale).
3.  As to the
 Residential Property Condition Disclosure Act:  Even though the Act generally requires
 a disclosure statement absent an applicable exception, the trial court
 nonetheless did not err in concluding, as a matter of law, that proximately
 caused damages arising from the failure to provide the disclosure statement were
 lacking in light of the "as is" agreement between the parties.  See S.C. Code Ann. § 27-50-110 (2007) ("Nothing in this article is intended to
 prevent the parties to a contract of sale from entering into agreements of any
 kind or nature with respect to the physical condition of the property to be
 sold including, but not limited to, agreements for the sale of real property 'as
 is.'"); S.C. Code Ann. § 27-50-40(C) (2007) ("The rights of the
 parties to a real estate contract in connection with conditions of the property
 of which the owner has no actual or constructive knowledge are not affected by
 this article."); S.C. Code Ann. § 27-50-50(B) (2007) (providing in part
 that failure to provide the disclosure form required by this article to the
 purchaser does not void the agreement or create a defect in title); S.C. Code
 Ann. § 27-50-65 (2007) ("An owner who knowingly violates or fails to
 perform any duty prescribed by any provision of this article . . . is liable
 for actual damages proximately caused to the purchaser and court costs.");
 S.C. Code Ann. § 27-50-80 (2007) ("This article does not limit the
 obligation of the purchaser to inspect the physical condition of the property
 and improvements that are the subject of a contract covered by this article.").
Accordingly,
 the order of the trial court is
AFFIRMED.[1]
HEARN, C.J.,
 PIEPER, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.