**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charles E. Strickland, III, Latisha D. Strickland and Justin R. Dillon, Appellants,

v.

Marjorie E. Temple, Respondent.

Appellate Case No. 2015-002048

---

Appeal From Lexington County
James O. Spence, Master-in-Equity

---

Unpublished Opinion No. 2021-UP-311
Submitted September 12, 2019 – Filed September 1, 2021

---

**REVERSED AND REMANDED**

---

Frederick Ivey Hall, III, of The Rick Hall Law Firm, LLC, of Lexington, for Appellants.

Rolland E. Greenburg, III, of Rolland E. Greenburg, III, PA., and Spencer Andrew Syrett, both of Columbia, for Respondent.

---

**PER CURIAM:** Charles E. Strickland, Latisha D. Strickland and Justin R. Dillon (collectively, Appellants) appeal the master-in-equity's denial of their requests for sanctions pursuant to Rule 11 of the South Carolina Rules of Civil Procedure

(SCRCP) and attorney's fees as provided for in an installment land contract (the Contract) with Marjorie Temple. We reverse and remand.

1. Temple argues Appellants' Rule 11 motion was not timely. We disagree. *See Pee Dee Health Care, P.A. v. Est. of Thompson*, 424 S.C. 520, 531-33, 818 S.E.2d 758, 764-65 (2018) (declining to impose a specific time limit and directing lower courts to consider whether they have jurisdiction and to analyze the timing of the motion in light of the multiple purposes of Rule 11, which include deterring future litigation abuse, "compensating the victims of the Rule 11 violation, . . . punishing present litigation abuse, streamlining court dockets and facilitating court management" (omission by court) (quoting *In re Kunstler*, 914 F.2d 505, 522 (4th Cir. 1990))). Here, after the circuit court granted summary judgment on the counterclaims, the case was referred to the master, who then had jurisdiction over remaining matters, which included the Rule 11 motion. Although Appellants waited almost a year after the circuit court ruled on their motion for summary judgment to file the Rule 11 motion, the action was still being decided on the merits. Accordingly, we hold the master correctly ruled that Appellants' motion was timely.

2. Appellants argue the master erred in denying their motion for sanctions pursuant to Rule 11. We agree. "Under Rule 11(a), SCRCP, a party and/or the party's attorney may be sanctioned for filing a frivolous pleading, motion, or other paper, or for making frivolous arguments." *Ex parte Gregory*, 378 S.C. at 437, 663 S.E.2d at 50; *see* Rule 11(a), SCRCP (stating "[e]very pleading, motion or other paper of a party represented by an attorney shall be signed in his individual name by at least one attorney of record," and the signature "constitutes a certificate by [the attorney] that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief there is good ground to support it; and that it is not interposed for delay"). "A trial court may impose sanctions . . . for filing a pleading, motion, or other paper to cause delay *or* when no good grounds exist to support the filing." *Ex parte Bon Secours-St. Francis Xavier Hosp., Inc.*, 393 S.C. 590, 597, 713 S.E.2d 624, 627-28 (2011) (emphasis added). "While Rule 11 is evaluated by a subjective standard, the rule still may be violated with a filing that is so patently without merit that no reasonable attorney could have a good faith belief in its propriety." *Id.* at 598, 713 S.E.2d at 628 (footnote omitted).

We find the master erred in focusing on whether there were any unreasonable delays in the case rather than whether sufficient grounds existed to support Temple's filing. We hold Temple's assertion of defenses and counterclaims for

fraud, negligent misrepresentation, and violation of the South Carolina Unfair Trade Practices Act[1] (SCUTPA) were frivolous.[2]

The elements of fraud are as follows:

> (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

*Ardis v. Cox*, 314 S.C. 512, 515, 431 S.E.2d 267, 269 (Ct. App. 1993).

The elements of negligent misrepresentation are as follows:

> (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by

---

[1] S.C. Code Ann. §§ 39-5-10 through -180 (1985 & Supp. 2020).

[2] We hold the master did not err in denying sanctions for Temple's assertion of unconscionability as a defense. *See* S*impson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 24-25, 644 S.E.2d 663, 668 (2007) ("In South Carolina, unconscionability is defined as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them."); *Lewis v. Premium Inv. Corp.*, 351 S.C. 167, 172, 568 S.E.2d 361, 364 (2002) (noting "a provision in an installment land contract declaring forfeiture in the event of purchaser default can, in particular circumstances, constitute a penalty" and holding when the forfeiture would constitute a penalty "it would be inequitable to enforce the forfeiture provision without first allowing the purchaser an opportunity to redeem the installment contract by paying the entire purchase price").

failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance on the representation.

*Quail Hill, LLC v. County of Richland*, 387 S.C. 223, 240, 692 S.E.2d 499, 508 (2010) (quoting *West v. Gladney*, 341 S.C. 127, 134, 533 S.E.2d 334, 337 (Ct. App. 2000)).

Finally, the elements for an action for violation of the SCUTPA are as follows: "(1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)." *Turner v. Kellett*, 426 S.C. 42, 48, 824 S.E.2d 466, 469 (Ct. App. 2019) (quoting *Wright v. Craft*, 372 S.C. 1, 23, 640 S.E.2d 486, 498 (Ct. App. 2006)).

In support of these claims, Temple alleged Appellants failed to disclose that (1) a dam was on the property, (2) the association that was supposed to maintain the dam was defunct, and (3) a significant portion of the property was in a flood zone or protected wetlands. Although Appellants stated the property was not in the flood zone in the Residential Property Condition Disclosure, they provided Temple with documents disclosing the true condition of the property. The Contract mentioned the pond and the dam on the property. The plat of the property referred to in the Contract also showed the pond, the dam, and the 100-year flood line. Temple acknowledged she had read the Contract, received a copy of the plat, and provided the plat to her attorneys. In addition, Temple viewed the property herself. Therefore, any reasonable attorney should have known that Temple's claims for fraud, negligent misrepresentation, and violation of the SCUTPA lacked merit because she had the means to discern the truth of the matter. S*ee Quail Hill*, 387 S.C. at 240, 692 S.E.2d at 508 ("[T]here can be no reasonable reliance on a misstatement if the plaintiff knows the truth of the matter." (quoting *McLaughlin v. Williams*, 379 S.C. 451, 457-58, 665 S.E.2d 667, 671 (Ct. App. 2008))); *see also Ex parte Bon Secours-St. Francis Xavier Hosp., Inc.*, 393 S.C. at 598, 713 S.E.2d at 628 (stating Rule 11 "may be violated with a filing that is so patently without merit that no reasonable attorney could have a good faith belief in its propriety").

We find the master erred in accepting Temple's argument that her attorneys' failure to raise possible defenses and counterclaims could constitute legal malpractice. In an action for legal malpractice, "the plaintiff must show he or she 'most probably

would have been successful in the underlying suit if the attorney had not committed the alleged malpractice.'" *Doe v. Howe*, 367 S.C. 432, 442, 626 S.E.2d 25, 30 (Ct. App. 2005) (quoting *Summer v. Carpenter*, 328 S.C. 36, 42, 492 S.E.2d 55, 58 (1997)). A failure by Temple's attorneys to raise these claims could not have supported a legal malpractice action because Temple would not have been able to prove she would have been successful in the underlying suit as the claims of fraud, negligent misrepresentation, and violation of the SCUTPA were without merit. Temple's attorneys could have represented her zealously without asserting completely meritless claims. Therefore, fear of malpractice does not justify such frivolous filings. In addition, Temple's success at procuring a settlement from her realtors does not justify her assertion of meritless claims against Appellants as the duties owed are different.

Accordingly, we reverse the master's denial of sanctions and remand the issue for a determination of the amount of sanctions.

3. We agree with Appellants' argument that the trial court erred in failing to award them attorney's fees pursuant to the Contract. An "installment land contract is 'frequently called a "poor man's mortgage."'" *Lewis v. Premium Inv. Corp.*, 351 S.C. 167, 171, 568 S.E.2d 361, 363 (2002) (quoting *Ellis v. Butterfield*, 570 P.2d 1334, 1336 (Idaho 1977)). As with a mortgage, the vendor in an installment land contract "finances the purchaser's acquisition of the property by accepting installment payments on the purchase price over a period of years, but the purchaser does not receive the benefit of those remedial statutes protecting the rights of mortgagors." *Id.* "Contrary to existing mortgage protections, a seller may typically avoid foreclosure procedures by including a forfeiture remedy in the installment land contract." *Id.* "When enforced, these clauses enable the vendor to terminate the contract, recover the property, and retain all installments paid when the purchaser defaults." *Id.* However, "a provision in an installment land contract declaring forfeiture in the event of purchaser default can, in particular circumstances, constitute a penalty." *Id.* at 172, 578 S.E.2d at 364. Thus, "courts of equity can relieve a defaulting purchaser from the strict forfeiture provision in an installment land contract and provide the opportunity for redemption when equity so demands. *Id.* at 173-74, 568 S.E.2d at 364; see *id.* at 174 n.5, 568 S.E.2d at 364 n.5 (2002) (noting "[a] variety of case-specific factors should be considered to determine if redemption is equitable under the circumstances[,]"including "the amount of the purchaser's equity, the length of the default period and the number of defaults, the amount of monthly payments in relation to rental value, the value of improvements to the property, the adequacy of the property's maintenance").

"Once the vendee defaults in paying, the vendor has the right to foreclose on the executory land contract as if it were a mortgage and obtain a deficiency judgment after such a foreclosure." 92 C.J.S. *Vendor and Purchaser* § 472. "A vendor is barred from seeking to recover the mortgage equivalent of a deficiency judgment, however, once forfeiture of the contract has been accomplished and the vendor is in possession of the real estate and has retained the payments made by the vendee." *Id.*; *see Deason v. Bill R. McWhorter & Heather McWhorter Revocable Living Tr., Dated January 24, 2003*, 112 N.E.3d 1082, 1086 (Ind. Ct. App. 2018) ("[Once a land contract seller has taken possession of the subject property pursuant to a forfeiture, he has elected his remedy and is no longer entitled to seek foreclosure and a deficiency judgment."). Here, Appellants requested alternative remedies of foreclosure and forfeiture. Because Temple acknowledged she had no equity in the property, the master enforced the forfeiture provision and terminated the contract. As the remedy Appellants received did not involve foreclosure, the master erred in relying on Rule 71 of the South Carolina Rules of Civil Procedure in holding attorney's fees were part of the debt calculation that only could be recovered as a deficiency judgment. The Contract stated Temple "agrees to pay all costs and expenses, including a reasonable sum for attorney's fees incurred by [Appellants] in terminating [Temple's] rights under this Agreement or claims to the property or in enforcing any or all of the terms of this Agreement, and in appropriate judicial proceedings, if any are initiated to established [sic] maintain [Appellants'] right or title to, and possession of said property after breach by [Temple]." As the parties clearly provided for Appellants' recovery of attorney's fees and costs in a forfeiture proceeding, we find the master erred in failing to award them to Appellants. *See Lewis*, 351 S.C. at 172, 568 S.E.2d at 363 ("Basic contract law provides that when a contract is clear and unambiguous, the language alone determines the contract's force and effect."); *id.* ("It is not the function of the court to rewrite contracts for parties.").

Accordingly, we reverse the master's denial of sanctions and attorney's fees, and remand these matters for determination consistent with this opinion.[3]

---

[3] Because our determination of the prior issues is dispositive, we need not address Appellants' remaining issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive).

**REVERSED AND REMANDED.**[4]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.