**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

IOS, LLC, Appellant/Respondent,

v.

Lander University, Respondent/Appellant.

Appellate Case No. 2021-001400

———————

Appeal From Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-039
Heard November 4, 2024 – Filed February 5, 2025

———————

**AFFIRMED IN PART AND DISMISSED IN PART**

———————

James Emerson Smith, Jr., of James E. Smith Jr., PA, of Columbia, for Appellant/Respondent.

Lena Younts Meredith, of Nicholson, Meredith and Anderson, LLC, of Greenwood, for Respondent/Appellant.

———————

**PER CURIAM:** In this cross-appeal, both IOS, LLC and Lander University appeal the circuit court's decision on Lander's motion for summary judgment on IOS's causes of action. IOS appeals the court's grant of the motion on causes of action including promissory estoppel, negligence, and negligent misrepresentation.

Lander appeals the court's denial of its motion as to IOS's cause of action for breach of lease agreement.  We affirm in part and dismiss in part.

1.  Because IOS's complaint did not include a cause of action for a breach of contract arising out of an oral "side" lease agreement, we will not consider it.[1]  *See* Rule 10(b), SCRCP ("Each cause of action . . . [in a complaint] shall be stated in a separate cause of action . . . ."); *Shirey v. Bishop*, 431 S.C. 412, 424, 848 S.E.2d 325, 331 (Ct. App. 2020) ("Generally, claims or defenses not presented in the pleadings will not be considered on appeal." (quoting *Fraternal Order of Police v. S.C. Dep't of Revenue*, 352 S.C. 420, 435, 574 S.E.2d 717, 725 (2002))); *id.* ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." (quoting Rule 15(b), SCRCP)); *id.* ("In order to be tried by implied consent, the issue must have been discussed *extensively* at trial." (quoting *Fraternal Order of Police*, 352 S.C. at 435, 574 S.E.2d at 725)); *id.* at 424, 848 S.E.2d at 332 ("[A]ppellate courts '*will not find implied consent to try an issue if all of the parties did not recognize it as an issue during trial . . . .*'" (quoting *Dunbar v. Carlson*, 341 S.C. 261, 268, 533 S.E.2d 913, 917 (Ct. App. 2000))); *Caldwell v. Wiquist*, 402 S.C. 565, 576, 741 S.E.2d 583, 589 (Ct. App. 2013) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court." (quoting *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004))); *id.* at 576-77, 741 S.E.2d at 589 (providing an appellate court will not consider an issue the trial court did not rule on and the appellant did not raise in a posttrial motion).

2.  The circuit court did not err in granting Lander summary judgment on IOS's cause of action for promissory estoppel.  *See Davis v. Greenwood Sch. Dist. 50*, 365 S.C. 629, 634, 620 S.E.2d 65, 67 (2005) ("Promissory estoppel requires a

---

[1] IOS's complaint alleged one cause of action for breach of the lease agreement, in which the alleged breaches all involved the condition of the property when the lease ended.  In IOS's response in opposition to Lander's motion for summary judgment, IOS asserted it made two lease agreements with Lander: (1) the written lease agreement and (2) an oral side lease agreement.  IOS argued Lander breached the oral lease by failing to pay orally negotiated additional rent and taxes.  The circuit court denied Lander's summary judgment motion on the cause of action for breach of the written lease agreement, leaving it to be decided at trial, which is the subject of Lander's cross-appeal.  IOS additionally asserted in its complaint causes of action for the breach of an oral contract of sale of the property and specific performance of that oral contract but later agreed to dismiss those causes of action.

claimant to prove: (1) the presence of an unambiguous promise; (2) the promisee reasonably relied upon the promise; (3) the reliance was expected and foreseeable by [the] promisor; and (4) the promisee was injured as a result of reliance upon the promise."). IOS did not present evidence of an *unambiguous* promise. *See A&P Enterps., LLC v. SP Grocery of Lynchburg, LLC*, 422 S.C. 579, 590, 812 S.E.2d 759, 764 (Ct. App. 2018) (finding the alleged promise was ambiguous because "it was devoid of any terms, conditions, timelines, or performance requirements" and therefore, "the reliance element of promissory estoppel" was not established); *Rushing v. McKinney*, 370 S.C. 280, 295, 633 S.E.2d 917, 925 (Ct. App. 2006) (holding the absence of clearly articulated terms between the parties precludes a party's recovery on the basis of promissory estoppel). Further, any reliance was unreasonable based on IOS's awareness of the South Carolina Budget and Control Board (SCBCB) having to approve any agreement. *See Davis*, 365 S.C. at 634-35, 620 S.E.2d at 67-68 (affirming a grant summary judgment on the issue of promissory estoppel because the promisees failed to show their reliance was reasonable when they claimed they relied upon a promise for a pay increase but they had been informed the increase was subject to the Board's approval).

3. The circuit court did not err in granting Lander summary judgment on IOS's negligence cause of action. *See Bass v. Gopal, Inc.*, 395 S.C. 129, 134, 716 S.E.2d 910, 913 (2011) ("In any negligence action, the threshold issue is whether the defendant owed a duty to the plaintiff."); *Platt v. CSX Transp., Inc.*, 388 S.C. 441, 445, 697 S.E.2d 575, 577 (2010) ("An essential element in a cause of action based upon negligence is the existence of a legal duty of care owed by the defendant to the plaintiff. Without a duty, there is no actionable negligence." (citation omitted)); *Faile v. S.C. Dep't of Juv. Just.*, 350 S.C. 315, 334, 566 S.E.2d 536, 545 (2002) ("[T]he court must determine, as a matter of law, whether the defendant owed a duty of care to the plaintiff."); *Creighton v. Coligny Plaza Ltd. P'ship*, 334 S.C. 96, 114, 512 S.E.2d 510, 519 (Ct. App. 1998) ("[T]he determination of whether a party has a duty to exercise reasonable care for the benefit of another is a question of law for the court."); *Oulla v. Velazques*, 427 S.C. 428, 439, 831 S.E.2d 450, 455 (Ct. App. 2019) ("If there is no duty, then the defendant . . . is entitled to a judgment as a matter of law." (quoting *Simmons v. Tuomey Reg'l Med. Ctr.*, 341 S.C. 32, 39, 533 S.E.2d 312, 316 (2000))); *id.* at 439, 831 S.E.2d at 456 ("An affirmative legal duty exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance." (quoting *Hendricks v. Clemson Univ.*, 353 S.C. 449, 456, 578 S.E.2d 711, 714 (2003))); *Trask v. Beaufort County*, 392 S.C. 560, 566, 709 S.E.2d 536, 539 (Ct. App. 2011) ("[I]t is the plaintiff's burden to establish that a duty of care is owed to him by the defendant.");

*Denson v. Nat'l Cas. Co.*, 439 S.C. 142, 149, 886 S.E.2d 228, 232 (2023) ("That duty may arise from the common law or a statute." (citations omitted)).

IOS's contention Lander owed a duty to act in good faith and with fair dealing and other duties under the lease do not give rise to a negligence action because these duties relate to the lease agreement. *See Bluffton Towne Ctr., LLC v. Gilleland-Prince*, 412 S.C. 554, 562, 772 S.E.2d 882, 887 (Ct. App. 2015) ("A lease agreement is a contract . . . ." (quoting *Middleton v. Eubank*, 388 S.C. 8, 14, 694 S.E.2d 31, 34 (Ct. App. 2010))); *Therese Hood v. United Servs. Auto Ass'n*, Op. No. 28249 (S.C. Sup. Ct. filed Jan. 8, 2025) (Howard Adv. Sh. No. 2 at 9) ("Where a contract exists, claims within the contract's scope must be brought under contract law."); *Foxfire Vill., Inc. v. Black & Veatch, Inc.*, 304 S.C. 366, 375, 404 S.E.2d 912, 918 (Ct. App. 1991) ("As a matter of law, if the duty owed arises merely from agreement of the parties, breach of the duty does not create a cause of action for negligent conduct."); *id.* ("Whe[n] the cause of action is predicated on the alleged breach, or even negligent breach, of a contract between the parties, an action in tort will not lie."); *Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.*, 320 S.C. 49, 54-55, 463 S.E.2d 85, 88 (1995) ("A breach of a duty which arises under the provisions of a contract between the parties must be redressed under contract [law], and a tort action will not lie."); *RoTec Servs., Inc. v. Encompass Servs., Inc.*, 359 S.C. 467, 473, 597 S.E.2d 881, 884 (Ct. App. 2004) ("[T]he implied covenant of good faith and fair dealing is not an independent cause of action separate from the claim for breach of contract."); *Hall v. UBS Fin. Servs. Inc.*, 435 S.C. 75, 86, 866 S.E.2d 337, 342 (2021) ("[A] claim for breach of the implied covenant of good faith and fair dealing is not a cause of action separate and distinct from a cause of action for breach of contract."); *id.* ("[I]f a party to a contract believes another party to the contract has breached the implied covenant of good faith and fair dealing, the cause of action is simply one for breach of contract.").

IOS's assertion section 27-35-75 of the South Carolina Code[2] created a special duty of care is unpreserved. *See Shirey*, 431 S.C. at 424, 848 S.E.2d at 331 ("Generally, claims or defenses not presented in the pleadings will not be considered on appeal." (quoting *Fraternal Order of Police*, 352 S.C. at 435, 574 S.E.2d at 725)); *id.* ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." (quoting Rule 15(b), SCRCP)); *id.* ("In order to be tried by

---

[2] S.C. Code Ann. § 27-35-75 (2007) (setting forth certain rights and obligations for lessors and lessees under *commercial* lease agreements).

implied consent, the issue must have been discussed *extensively* at trial." (quoting *Fraternal Order of Police*, 352 S.C. at 435, 574 S.E.2d at 725)); *id.* at 424, 848 S.E.2d at 332 ("[A]ppellate courts '*will not find implied consent to try an issue if all of the parties did not recognize it as an issue during trial . . . .*'" (quoting *Dunbar*, 341 S.C. at 268, 533 S.E.2d at 917)); *Caldwell*, 402 S.C. at 576, 741 S.E.2d at 589 ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court." (quoting *Elam*, 361 S.C. at 23, 602 S.E.2d at 779-80)); *id.* at 576-77, 741 S.E.2d at 589 (providing an appellate court will not consider an issue the trial court did not rule on and the appellant did not raise in a posttrial motion).

The argument Lander owed IOS a special duty also fails on the merits. *See Trask*, 392 S.C. at 567, 709 S.E.2d at 539 ("Though the common law generally does not impose a duty to act, a statute may create an affirmative duty owed to a plaintiff."); *id.* ("In order to show that the defendant owes him a duty of care arising from a statute, the plaintiff must show two things: (1) that the essential purpose of the statute is to protect from the kind of harm the plaintiff has suffered; and (2) that he is a member of the class of persons the statute is intended to protect." (quoting *Rayfield v. S.C. Dep't of Corr.*, 297 S.C. 95, 103, 374 S.E.2d 910, 914 (Ct. App. 1988))); *Denson*, 439 S.C. at 150, 886 S.E.2d at 232 ("If the [c]ourt determines the General Assembly did not intend the statute create a private right of action, and there is no underlying common-law duty owed by the defendant to the plaintiff, then the [c]ourt need not undertake further analysis."); *Arthurs ex rel. Est. of Munn v. Aiken County*, 338 S.C. 253, 267, 525 S.E.2d 542, 549 (Ct. App. 1999) ("Our [s]upreme [c]ourt and this [c]ourt have been 'reluctant to find special duties statutorily imposed.'" (quoting *Tanner v. Florence Cnty. Treasurer*, 336 S.C. 552, 562, 521 S.E.2d 153, 158 (1999))), *aff'd as modified*, 346 S.C. 97, 551 S.E.2d 579 (2001); *Watson v. Sellers*, 299 S.C. 426, 385 S.E.2d 369 (Ct. App. 1989) (finding the South Carolina Residential Landlord and Tenant Act (RLTA)[3] created a right of action in tort for a *residential tenant* for breach of a duty by the *landlord*); *id.* at 436, 385 S.E.2d at 374 (explaining the RLTA "clearly convey[ed]" the legislature's intent to establish obligations for the *landlord* and to provide for a cause of action by the *tenant* for injuries caused by the *landlord*).

---

[3] S.C. Code Ann. §§ 27-40-10 to -940 (2007 & Supp. 2024).

4. The circuit court did not err in granting Lander summary judgment on IOS's cause of action for negligent misrepresentation.[4] *See Quail Hill, LLC v. County of Richland*, 387 S.C. 223, 240, 692 S.E.2d 499, 508 (2010) ("To prove a claim for the common law tort of negligent misrepresentation, [a plaintiff] [i]s required to establish the following elements: '(1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance on the representation.'" (quoting *West v. Gladney*, 341 S.C. 127, 134, 533 S.E.2d 334, 337 (Ct. App. 2000))). Lander's alleged misrepresentations relate to future events. *See Fields v. Melrose Ltd. P'ship*, 312 S.C. 102, 105, 439 S.E.2d 283, 285 (Ct. App. 1993) ("To be actionable, the representation must relate to a present or pre-existing fact and be false when made. The representation cannot ordinarily be based on unfulfilled promises or statements as to future events." (citation omitted)); *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 407, 581 S.E.2d 161, 166 (2003) ("Evidence of a mere broken promise is not sufficient to prove negligent misrepresentation." (quoting *Winburn v. Ins. Co. of N. Am.*, 287 S.C. 435, 443, 339 S.E.2d 142, 147 (Ct. App. 1985))). Further, IOS was or should have been aware that Lander could not fulfill those alleged promises without the SCBCB's approval. *See Quail Hill, LLC*, 387 S.C. at 240, 692 S.E.2d at 508 ("There is no liability for casual statements, representations as to matters of law, or matters which [the] plaintiff could ascertain on his own in the exercise of due diligence." (quoting *AMA Mgmt. Corp. v. Strasburger*, 309 S.C. 213, 223, 420 S.E.2d 868, 874 (Ct. App. 1992))); *Carolina Chloride, Inc. v. Richland County*, 394 S.C. 154, 166, 714 S.E.2d 869, 875 (2011) ("All individuals are presumed to know the law, including the nature and extent of a government official's authority . . . ."); *Quail Hill, LLC*, 387 S.C. at 240, 692 S.E.2d at 508 (providing a plaintiff cannot reasonably rely "on a misstatement if the plaintiff knows the truth" (quoting *McLaughlin v. Williams*, 379 S.C. 451, 457-58, 665 S.E.2d 667, 671 (Ct. App. 2008))); *id.* at 241, 692 S.E.2d at 508 ("[I]if the undisputed evidence clearly shows the party asserting reliance has knowledge of the truth of the matter, there is no genuine issue of material fact." (quoting *McLaughlin*, 379 S.C. at 458, 665 S.E.2d at 671)); *id.* ("A determination of justifiable reliance involves the evaluation of the totality of the circumstances, which includes the positions and relations of the parties.").

---

[4] IOS asserts Lander falsely represented it would purchase the property for $2.3 million, lease the property for $48,000 per month, and be responsible for the maintenance, costs, and annual property tax.

5.  Lander's cross-appeal of the circuit court's denial of its motion for summary judgment as to IOS's cause of action for breach of the lease agreement is dismissed.  *See Olson v. Fac. House of Carolina, Inc.*, 354 S.C. 161, 168, 580 S.E.2d 440, 444 (2003) ("[T]he denial of a motion for summary judgment is not appealable, even after final judgment."); *see also 315 Corley CW LLC v. Palmetto Bluff Dev., LLC*,  444 S.C. 521, 536-37,  908 S.E.2d 892, 900 (Ct. App. 2024) ("Although appellate courts have discretion to consider an order that is not immediately appealable if an immediately appealable issue is before the court and a ruling on appeal will avoid unnecessary litigation, the supreme court did not intend for this exception to apply to orders denying summary judgment motions." (footnote omitted)), *petition for cert. filed*, Petition for Writ of Certiorari, App. Case No. 2024-002098 (S.C. Sup. Ct. Dec. 13, 2024); *id.* at 537, 908 S.E.2d at 900 (dismissing a "cross-appeal because the order denying summary judgment is not reviewable").

**AFFIRMED IN PART AND DISMISSED IN PART.**

**KONDUROS, GEATHERS, and HEWITT, JJ., concur.**